SMEATON and another, Respondents, vs. AUSTIN and others, Appellants.

*March 22 — April 12, 1892.*

*Highways: Ditches: Assessment of damages: Right of appeal: Res adjudicata: Pleading.*

1. A ditch was dug on plaintiffs' land by the overseer of highways in 1882. The statute then in force (sec. 1237, R. S.) provided for an appraisal of the damages in such a case by three electors appointed by the town supervisors, but gave no appeal from their award. Plaintiffs did not apply for the appointment of such appraisers until after the enactment of ch. 46, Laws of 1885, which gave such an appeal. *Held*, that the act of 1885 merely amplified the remedy and interfered with no vested rights, and that plaintiffs were entitled to the appeal.

2. A ditch was dug on plaintiffs' land in 1863, but was afterwards filled up. In *mandamus* proceedings to compel the supervisors to appoint appraisers to assess damages for the digging of a ditch in 1882, it was decided that the two ditches were separate and independent. *Held*, that on an appeal from the award of the apprais-

ers the trial court properly refused to allow the supervisors to show that the old ditch was simply cleaned out in 1882. That matter was *res adjudicata.*

3. On the appeal from the award of the appraisers, an answer filed by the supervisors was stricken out, but they were allowed to show all the facts alleged therein. *Held,* that the ruling striking out the answer was immaterial.

APPEAL from the Circuit Court for *Waukesha* County.

In 1863 a ditch was dug across the lands of plaintiffs, then owned by their father, for the purpose of draining the lands of one Stillwell. The ditch was dug pursuant to the verdict of a jury rendered in an inquisition held under the provisions of ch. 57, R. S. 1858. One Stewart subsequently acquired the lands of Stillwell. Difficulties arose between Stillwell, and subsequently Stewart, upon the one side, and the plaintiffs upon the other, as to the maintenance of the ditch, plaintiffs frequently filling it up, and Stewart attempting to open it, until May, 1882, when Stewart applied to the supervisors to remove the obstructions, and the supervisors, declaring that such obstructions caused the overflow of an adjoining highway, ordered the overseer of highways of the district to remove the obstructions and open the ditch, which was accordingly done. To prevent such opening the plaintiffs brought their action for a perpetual injunction, which came to this court upon appeal from an order dissolving an interlocutory injunction, and will be found reported as the case of *Smeaton v. Martin,* 57 Wis. 364. The order of dissolution was there affirmed.

No application for the appointment of electors to appraise the damages caused by the opening of the ditch, under sec. 1237, R. S., was made until April, 1887. It will be seen that this was after the passage of ch. 46, Laws of 1885, which provides for an appeal to the circuit court from the decision of the appraisers; there being no such appeal provided for prior to the passage of that chapter. The

supervisors either refusing or neglecting to appoint appraisers, the plaintiffs sued out an alternative writ of *mandamus* in the Waukesha circuit court for the purpose of compelling the appointment of appraisers. The supervisors made return to the writ, alleging that they had simply removed the obstructions from the old ditch, and therefore that there was no reason for the appointment of appraisers. The issue thus made was tried before a jury, which returned a verdict that the ditch opened in 1882 was not substantially on the line of the old ditch, and was not substantially of the same width and depth. Upon this verdict judgment was entered awarding a peremptory writ of *mandamus*, and thereupon the supervisors appointed appraisers, who, in April, 1888, made and filed their award, allowing no damages. From this award the plaintiffs appealed under the provisions of ch. 46, Laws of 1885, and upon trial of such appeal recovered judgment for $500 damages, from which judgment the supervisors prosecute this appeal.

For the appellants the cause was submitted on the brief of *D. H. Sumner.* He contended, *inter alia*, that ch. 46, Laws of 1885, was neither retroactive by its terms, nor was it merely remedial upon principle. The defendants acted in a public capacity to meet a public necessity, and public policy requires that their liability therefor should be measured by the laws in force when the act was done. At that time the town had a vested right to select the tribunal from its own citizens. But if the right of appeal is held applicable to this case, that vested right is taken from it. *Cornell v. Hichens,* 11 Wis. 353; *Seamans v. Carter,* 15 id. 548; *Finney v. Ackerman,* 21 id. 268; *Western Union R. Co. v. Dickson,* 30 id. 389; *Vanderpool v. La C. & M. R. Co.* 44 id. 652; Wells, Jurisdiction, 58, 73; Wade, Retroactive Laws, sec. 34.

For the respondents there was a brief by *P. H. Carney,*

attorney, and *Bashford, O' Connor & Polleys* and *J. A. Aylward*, of counsel, and oral argument by *Mr. Aylward.*

WINSLOW, J. The first and most serious question presented is whether the plaintiffs are entitled to take any appeal from the award of the appraisers. When the ditch was opened in 1882 the statute gave no appeal, and it was not until the passage of ch. 46, Laws of 1885, that an appeal to the circuit court was provided for. It is argued by appellants that when the act complained of was committed the town had a right to have the question of damages finally decided by a tribunal of its own selection; that this was a vested right; that the statute above cited was not retroactive in its terms nor merely remedial, and consequently that these plaintiffs could acquire no new rights under it. It is not claimed that the plaintiffs' right to have appraisers appointed had expired or been lost prior to the passage of the law providing for an appeal; nor do we think that such a claim could be sustained. Sec. 1237, R. S., limits no time within which the application for appointment of appraisers must be made. Furthermore, the judgment awarding a peremptory writ of *mandamus* is a determination that the right to have appraisers appointed existed even as late as 1887, which is *res adjudicata* in this case. Therefore, when ch. 46, Laws of 1885, was passed, the plaintiffs still possessed a remedy for the recovery of damages arising from the digging of the ditch. It is clear that they had a remedy, and it seems equally clear that the act of 1885 simply amplified that remedy and made it more perfect. It interfered with no vested rights. It is only after existing remedies have been exhausted, and rights have become permanently vested, that interference with the mere remedy is prohibited. *Davis v. Menasha*, 21 Wis. 497; *Rosenthal v. Wehe*, 58 Wis. 621. It is a remedial statute, affording new means of enforcing an existing obligation. *Klaus v. Green Bay*, 34 Wis. 629.

Error is assigned because the court struck out the defendants' answer. Defendants' counsel admits that the court permitted them to show all that they set up in their answer. Under these circumstances the ruling becomes immaterial.

The court refused to allow defendants to show that the ditch was not enlarged when it was cleaned out in 1882, and this ruling is complained of. The ruling seems to have been strictly correct. The only object of the testimony seems to have been to litigate over again the question of the identity of the ditch of 1863 and the ditch of 1882. This question had been finally disposed of by the verdict of the jury and the judgment thereon in the *mandamus* proceedings, by which it was established that the last ditch was an independent and separate ditch.

The witness Powrie was not permitted to answer the question whether, in his judgment, the ditch was dug any deeper than was necessary to drain the Stillwell land. This question was not at all in issue. Whether deep enough to drain the Stillwell land or not made no difference with the right of the plaintiffs to damages, or the amount thereof. Nor did it appear that the witness had any knowledge upon which he could form a judgment on the subject.

It is claimed that there was no evidence to show that the plaintiffs had suffered material damage. The record shows some evidence on the point; and, even if it did not, there is no certificate or stipulation that the bill of exceptions contains all of the evidence. The objection cannot prevail.

No other errors are complained of.

*By the Court.*— Judgment affirmed.