## OREGONIAN RAILWAY CO. v. WRIGHT.

PRACTICE—BILL OF EXCEPTIONS—EXHIBITS.—Papers attached to a bill of exceptions, and referred to therein as "hereunto annexed, marked exhibit A," "Exhibit B," etc., are sufficiently identified as parts of the bill, although not marked as exhibits in any manner.

IDEM—JUDGMENT ROLL.—A motion for a new trial and the record of the proceedings thereon, form no part of the judgment roll unless made so by a bill of exceptions and cannot be considered on appeal.

JUDGMENT BY AGREEMENT—PAROL EVIDENCE.—W. received $70 from a railroad company under a written agreement that it should be applied on any judgment for damages he might recover in an action there pending for the condemnation of a portion of his land for the use of the company as a track for its railroad. Judgment was afterwards entered by consent for $150 damages, and $50 costs, in favor of W., which was paid and the land condemned to the company's use. Held, That W. might defend in an action afterwards brought against him by the company to recover said sum of $70, as overpaid by mistake, by alleging and proving that said judgment was entered in pursuance of a subsequent parol agreement by which he was to receive the amount of such judgment in addition to said sum of $70 previously received by him under the written contract, and that such defense does not violate the principle which forbids the admission of parol evidence, to vary or alter the meaning of written instruments.

APPEAL from Marion County. The facts are stated in the opinion.

*Ellis G. Hughes and J. A. Stratton,* for appellant.

*Bonham & Ramsey,* for respondent.

By the Court, WATSON, J.:

The appellant brought this action to recover the sum of $70 alleged to have been overpaid to the respondent by mistake. The facts relied upon by the appellant, to establish the overpayment were in substance as follows: The appellant, a railroad company, had commenced an action in the circuit court for Marion county to condemn a certain portion of respondent's land for a track for its railroad. Pending the action, and before a trial had been reached, it paid the respondent, through its agents, the sum of $70 under a written agreement, signed by such agents, as well as by the respondent, by the terms of which the latter was to allow the company to use so much of his land as it needed for a track for its road until a decision could be obtained in such action. The $70 to be deemed as paid on account of any judgment for damages the respondent might recover in such action, and if it should prove to be greater in amount than such judgment, he was to repay the excess. Afterwards, judgment was entered upon consent of the parties in open court, for the condemnation of the land, in favor of appellant, and for $150 damages, and $50 costs, to respondent, which amounts were at the time paid to the respondent. The appellant claimed this last payment was made in ignorance of the former, and by mistake, and that in equity and good conscience the respondent ought to repay the amount so overpaid him.

The respondent denied there was any mistake or overpayment, and alleged, in effect, that said judgment was entered, and the amount thereof paid over to him in pursuance of an agreement entered into between himself and the appel-

lant, subsequent to the execution of the written contract before mentioned, by the terms of which he was to permit judgment to be entered against him condemning said land to the use of the appellant, and was to recover judgment for said sum of $150 damages and $50 costs, in addition to the sum of $70 already received by him. The appellant denied having entered into the alleged agreement.

Upon this issue, the cause was submitted to a jury, who found for the respondent, and a judgment was rendered in his favor for costs. The main objection urged by the appellant's counsel to secure a reversal of this judgment, and the only one which, in our opinion, it is in a position to make on the appeal, is that the court below, on the trial, admitted evidence on the part of the respondent to establish a parol agreement in terms corresponding with the agreement set up in his answer.

It has been urged in support of the objection, that the admission of this testimony was a violation of the cardinal principle forbidding the introduction of parol evidence to vary or alter the meaning of written contracts. But it had no such effect as to the previous written agreement. For it was a new and distinct agreement, and, if supported by a sufficient consideration, supplanted the previous written one. (1 Greenleaf on Ev., secs. 303 and 304.) And the compromise of the action to condemn the respondent's land for the use of the railroad company, and his acceptance of a sum certain as damage and costs, when possibly he might have prevented any condemnation, or have recovered a much larger amount as damages and costs, was undoubtedly a valid consideration for the parol agreement.

"It is indeed necessary that the consideration should be of some value, but it is sufficient, as we have said, if it be of slight value only, or even if it be such as could be valu-

able to the party promising, eg., the compromise or abandonment of a doubtful right is a sufficient consideration for a contract even when it turns out that the point given up was in truth against the promise." (1 Chitty on Contracts, 29.) Nor did this evidence have any tendency to alter or vary the meaning of the judgment entered by the consent of both parties, and by the terms of which they were as completely concluded, so far as the introduction of parol evidence to vary or alter their meaning was concerned, as though it had been a written contract, executed by them in the most formal manner. That judgment merely evidenced an agreement to estimate the damage at the sum of $150 and the costs at $50. The parol agreement for the compromise did not, in any manner, conflict with any provision in the judgment, or have any tendency to vary or alter its meaning and effect. It was as distinct from the judgment itself as it was from the previous written contract, and was supported by a distinct consideration of its own.

The respondent's consent to the entry of the judgment just as it was, was the consideration for the parol agreement by which he was to have the $70 already received, in addition to the amount of such judgment. If he did agree, as the judgment recites, that his actual damage was only $150, it was not equivalent to a declaration that he was only to receive that much regardless of the terms of the compromise, in accordance with which such judgment was entered. There was no contradiction of the terms or meaning of the judgment in the respondent's claim under the parol agreement. On the contrary, we think there is perfect consistency between them, and that the parol agreement, if proved, which was for the jury to determine, was a good defense to the action.

We have discussed this question on the assumption that

the copies of the written agreement and the judgment are properly before us as parts of the bill of exceptions. And as to this we think there can be no doubt. In the bill there is not only some description of the nature and contents of these papers given, but they are referred to as "hereunto annexed." This last circumstance alone would be sufficient for their identification as the papers which the judge, signing the bill, intended should form part of it. As to the motion for a new trial and the proceedings thereon, they are not before us, so that we can consider them. They have not been made a part of the bill of exceptions so that they could properly go into the judgment roll. The transcript upon which the case must be tried here is simply a certified copy of that roll—nothing more. There may be cases where similar papers can be considered on appeal in this court without being incorporated into a bill of exceptions. But in these the statute has not prescribed what shall constitute the roll or final record, and consequently all the papers filed in the court below and constituting the record there, may be brought up.

Judgment affirmed.