ROSENTHAL and others vs. WEHE.

*October 29 — November 20, 1883.*

| 58 | 621 |
| 82 | 79 |
| 58 | 621 |
| 109 | 214 |
| e109 | 218 |
| 109 | 223 |
| 58 | 621 |
| 187 US | 440 |

*(1, 2) No vested rights in matters of procedure: Statutes apply to pending actions. (3) Exhibits as part of bill of exceptions. (4) Attachment: fraud in procuring credit.*

1. A party has no vested right in mere matters of procedure.
2. Ch. 249, Laws of 1883 (as to the amendment of an affidavit for attachment), and ch. 119, Laws of 1883 (as to the certification of affidavits taken in another state), apply to actions pending at the time of their enactment.
3. Certain exhibits marked as indicated in the bill of exceptions were attached with the other papers in the case to such bill, and were so returned to this court. The bill itself does not state that they are so attached, but, there being no question as to their identity, the court considers them as a part of the bill.
4. The defendant, for the purpose of obtaining credit, stated that his indebtedness was a certain sum, when in fact he knew it to be much larger. Upon the faith of the statement the plaintiffs gave him credit. *Held*, that the transaction was a fraud upon the plaintiffs, and was sufficient ground for suing out a writ of attachment.

APPEAL from the Circuit Court for *Ashland* County.

The appeal is from an order sustaining a traverse to an amended affidavit upon which a writ of attachment had been issued. The original affidavit assigned as grounds for the attachment that the defendant had assigned, conveyed, disposed of, or concealed his property, or some part of it, or was about to do so, with intent to defraud his creditors. This affidavit was duly traversed by the defendant. Afterwards, by leave of court, and before trial of the traverse, the plaintiffs substituted a new affidavit alleging the same grounds, and the additional grounds that the defendant fraudulently contracted or incurred the obligation for which the action was brought, and that all the facts therein alleged existed at the time of making the former affidavit. The substituted affidavit was also duly traversed by the defendant. The last-mentioned traverse was tried, and resulted in an order dissolving and vacating the writ of attachment. The testimony given on the trial is sufficiently stated in the opinion.

For the appellant there was a brief by *Knight & Hayes*, and oral argument by *Mr. J. O. Hayes*.

For the respondent there was a brief by *Cottrill & Hanson*, and oral argument by *Mr. Cottrill*.

Lyon, J. 1. The amended or substituted affidavit for an attachment is permitted by Laws of 1883, ch. 249, sec. 4, if that statute applies to actions pending when it was enacted. That it does apply to such actions we cannot doubt. The statute relates only to the remedy in that it prescribes and regulates a mere matter of procedure; and in such matters a party has no vested right. The case in this particular is not distinguishable from *Lee v. Buckheit*, 49 Wis., 54, where a statute imposing additional terms, on granting a change of venue, was held applicable to an action pending when the statute was enacted. The principle of the two cases is the same.

2. It was objected on the argument that the substituted affidavit was not properly verified. It was sworn to before a notary public in Cook county, Illinois, and certified by him under his official seal. The seal does not appear in the printed case, and this omission may have led the learned counsel for the defendant to make the point. The affidavit is sufficiently attested under the requirements of R. S., sec. 4203, as amended by Laws of 1883, ch. 119. The amended statute is applicable to this case for the same reasons that ch. 249 is applicable.

3. Certain statements in writing made by the defendant to the plaintiff concerning his financial condition at the time, or a little before, the debt in suit was contracted, were put in evidence and marked as exhibits. We find these exhibits in the record, and counsel raise no question of their identity. But counsel object that they are not attached to and made a part of the bill of exceptions, and hence that they cannot be considered on this appeal. The papers returned here are all attached together, and these exhibits, marked as indicated in the bill of exceptions, are the last papers in the file preceding the bill, and consequently are attached to it. But it is not stated in the bill that they are so attached. There are, however, so many and satisfactory evidences of the identity of the exhibits that we have concluded to consider them as included in the bill of exceptions. Had we reached the opposite conclusion, we should probably have sent down the record, on our own motion, for correction, before disposing of the case.

4. This brings us to the merits of the case. It seems that the defendant was a merchant in Ashland county, in this state, and desired to purchase goods upon credit of the plaintiffs, who are merchants in Chicago. Before giving credit to the defendant, the plaintiffs required him to furnish them an itemized statement of his financial condition and resources. This he made out under date of August 1, 1882, and two weeks later forwarded it to the plaintiffs, with a

Rosenthal and others vs. Wehe.

letter in which he modified his statement of the value of his real estate, reducing it from $5,300 in the statement to $4,600 in the letter. The defendant stated his indebtedness at $2,500, and on that basis made the excess of his assets over liabilities a little more than $9,000. On receipt of this statement the plaintiffs gave him the desired credit. He testified on the trial of the traverse that he owed for merchandise, when he made the statement, from $7,000 to $8,000. It is not probable that he overstated the amount of his indebtedness. The defendant must have known, when he made such statement, that he owed three times the sum represented. The statement was therefore grossly and inexcusably false, and it cannot reasonably be doubted that it was thus falsely made for the purpose of inducing the plaintiffs to sell him goods on credit. It is perfectly obvious that the plaintiffs gave him the credit on the faith of the statement. The conclusion is inevitable that the transaction was a fraud upon the plaintiffs, and was a sufficient basis for suing out a writ of attachment.

The defendant further testified in his own behalf as follows: "The statements contained in the statement which was sent to these parties were true at the time. I owned all the property there was in there. Afterwards I became possessed of more property," etc. If he meant by this to testify that he then owed but $2,500, his testimony is manifestly false. But it is more charitable to infer that he was speaking only of the amount of property he then owned, and not of his liabilities, when he said the statement was true. Yet it is quite probable that the learned circuit judge based his decision upon this testimony.

We are of the opinion that the court erred in finding for the defendant on the traverse, and hence the order in that behalf, from which this appeal is taken, cannot be upheld.

*By the Court.*— Order reversed, and cause remanded for further proceedings, with directions to the circuit court to find for the plaintiffs on the traverse.