(87 South. 103)

### HOPKINS v. DUGGAR. (2 Div. 697.)

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Nov. 6, 1920.)

**1. Ejectment ⟨key⟩III(3)—Requirements as to description of land in verdict stated.**

Under Code 1907, § 3853, where the verdict in ejectment is special, as being for a part only of the premises sued for, the boundaries of the land recovered must be designated with reasonable certainty in the verdict to enable the court to award judgment on it, but a general verdict for the plaintiff, for the land described in the complaint, is good.

**2. Ejectment ⟨key⟩III(I)—General finding for plaintiff held a good verdict.**

In ejectment, a verdict, "We, the jury, find for the plaintiff, assessing the damages" at a

named sum, *held* good, as it must be construed as a finding on the issue joined, and such finding is as definite and determinate as if the verdict had in terms affirmed that the jury found for the plaintiff for the lands described in the complaint.

**3. Adverse possession ⊜66(2)—Possession to turn row and ditch held to give title, although originating in mistake of fact.**

Possession for 40 years by plaintiff and his predecessors of a strip on plaintiff's boundary up to the line of a turn row and ditch gave plaintiff title, where such possession did not originate in an admitted possibility of mistake, but plaintiff and his predecessors believed such line was the true line, even though such belief as to its correct location originated in a mistake in fact; it being immaterial what plaintiff or his predecessors might or might not have claimed had they known they were or might be mistaken.

**4. Adverse possession ⊜66(1) — Recording act does not apply to possession of boundary strips.**

Act Feb. 11, 1893, p. 478 (Code 1896, § 1541), as amended by Code 1907, § 2830, relating to recording color of title, does not apply to cases involving questions as to boundaries between coterminous owners.

**5. Judgment ⊜24—Trial ⊜343—Judgments and verdicts must be perfect without resort to extrinsic facts.**

Every judgment must either be perfect in itself, or capable of being made perfect by reference to the pleadings or to the papers on file in the cause or else to other pertinent entries in the court docket, and verdicts, in like manner, cannot be supplemented by intendment, or by reference to mere extrinsic facts.

**6. Appeal and error ⊜218(1)—For objection to verdict, first raised on appeal, to avail, verdict must be wholly void.**

Where the objection that the verdict is so hopelessly defective as to afford no proper basis for the judgment was not raised in the trial court, but is raised for the first time on appeal, it is necessary, for the objection to avail, that the judgment be found wholly void.

**7. Appeal and error ⊜934(2)—Presumed that trial court referred verdict to that count which the evidence sustained.**

Where complaint in statutory ejectment was in three counts and verdict for plaintiff was a general one and court gave judgment for land described in the third count, which was sustained by evidence, it will be presumed on appeal that trial court referred verdict to that result which court knew the evidence sustained.

**8. Appeal and error ⊜1033(9)—No reversal for error favorable to party complaining.**

Where judgment on general verdict might have been rendered for plaintiff on either or both first or third count, defendant cannot complain that judgment was rendered for land described in third count but not for that described in first count.

Appeal from Circuit Court, Marengo County; A. B. Foster, Judge.

Ejectment by R. H. Duggar against H. T. Hopkins. Judgment for plaintiff, and defendant appeals. Affirmed.

Henry McDaniel, of Demopolis, and J. J. Mayfield, of Montgomery, for appellant.

The verdict is absolutely void. 174 Ala. 170, 57 South. 46; section 3853, Code 1907. No adverse possession is here shown. 175 Ala. 211, 57 South. 477; 131 Ala. 386, 30 South. 824; 121 Ala. 664, 25 South. 716; 117 Ala. 526, 23 South. 136, 67 Am. St. Rep. 182. No claim was filed as required by the statute. Section 2830, Code 1907; 127 Ala. 582, 29 South. 63; 145 Ala. 233, 41 South. 745; 200 Ala. 507, 76 South. 449. See generally 33 Ala. 38; 107 Ala. 526, 18 South. 103; 27 Ala. 562, 62 Am. Dec. 778; 90 Ala. 527, 8 South. 101; 2 Wheat. 221, 4 L. Ed. 224.

William Cuninghame, of Linden, for appellee.

No brief came to the reporter.

SAYRE, J. Appellee sued in statutory ejectment stating his case in three counts. There was a disclaimer as to the lands described in the second count of the complaint upon which plaintiff thereupon had judgment, without costs or damages. As to the regularity of that judgment no question is made. Count 1 described the land sued for as:

"A strip off the west side of the east ½ of the west ½, being 40 feet wide at the north end, and 30 feet wide on the south end of section 24, in township 18, range 3 east, in Marengo county, Ala."

In count 3 the land was described as:

"A strip or parcel on the west side of the E. ½ of W. ½ of Sec. 24, T. 18, R. 3 east, bounded as follows: On the N. by the north line of said section; on the east by a turn row and ditch; on the south by the south line of said section, and on the west by the line dividing the E. ½ of W. ½ and W. ½ of W. ½ of section 24, T. 18, R. 3 E., in Marengo county, Ala."

To these counts the plea was "not guilty." The verdict, which, as to form, followed the court's oral charge, was in these words:

"We, the jury, find for the plaintiff assessing the damages at one hundred and twenty-five dollars."

Upon this verdict the court rendered judgment for plaintiff, appellee, for land described as follows:

"A strip or parcel on the west side of the east half of west half of section 24, township 18, range 3 east, bounded as follows: On the north by the north line of the said section, on

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the east by a turn row and ditch; on the south by the south line of said section, on the west by the dividing line dividing the east half of west half and the west half of west half of section .24, township 18, range 3 east, in Marengo county, Ala.,"

—and for the damages assessed by the jury, it thus appearing that the court referred the verdict to the third count of the complaint.

It will be noted that the western boundary of the east ½ of the west ½ of section 24 is the common western boundary of the two tracts described in counts 1 and 3; and so the north and the south lines of the half section are common to the two tracts. The difference is that the tract described in count 1 is bounded on the east by a line at its north end 40 feet, and at its south end 30 feet, from the western boundary line of the half section, while the tract described in count 3 is bounded on the east by a ditch and a turn row. The record does not inform us whether the two descriptions are coterminous on the east.

[1, 2] Appellant's contention as to error is founded upon section 3853 of the Code. The effect of that section, as construed in the decisions of this court, is as follows: Where the verdict in ejectment is special, as being for a part only of the premises sued for, the boundaries of the land recovered must be designated with reasonable certainty in the verdict, so as to enable the court to award judgment on it; but a general verdict for the plaintiff, for the land described in the complaint, has always been held to be good. Alexander v. Wheeler, 69 Ala. 332, 340. The verdict in this case must be construed as a finding on the issue joined, and such a finding is as definite and determinate as if the verdict had in terms affirmed that the jury found for the plaintiff for the lands described in the complaint. Chapman v. Holding, 60 Ala. 522. The only trouble supposed to inhere in the verdict and judgment is that the verdict failed to specify the count on which plaintiff was to recover while the judgment is for the land described in the third count. But our opinion is that the statute, supra, cannot be assigned the effect attributed to it by the appellant in this case.

[3, 4] The evidence showed without dispute that plaintiff was entitled to recover the land described in the third count, and, indeed, the whole evidence was directed to the question of the possession and ownership of land described as in the third count. It went to show, without contradiction, or the possibility of adverse inference, that plaintiff and those under whom he deraigned title had been in possession of the strip there described, openly, exclusively, and continuously for a period of nearly 40 years claiming to own the same and although plaintiff and his predecessors in title on the one side, and his coterminous owners on the other, viz.,

defendant and his predecessors, had by their tenant cultivated the land up to the turn row and ditch during all that time, no question was raised as to the line, until defendant, within the last 10 years, purchased land described as the east ½ of the west ½ of section 24, and thereupon went into possession of the land in suit. The evidence contained nothing to indicate that the possession of plaintiff, or his predecessors, originated in an admitted possibility of mistake, no intimation of a reason for doubting that plaintiff and his predecessors believed the line of the turn row and ditch was the true line, and upon these facts plaintiff acquired title up to that line, even though the belief as to its correct location originated in a mistake in fact, and, in these circumstances, the title so acquired was not affected by any inquiry as to what plaintiff or his predecessors might or might not have claimed had they known they were or might be mistaken. Smith v. Bachus, 201 Ala. 534, 78 South. 888; Hoffman v. White, 90 Ala. 354, 7 South. 816; Alexander v. Wheeler, supra. Nor in these circumstances did the act of February 11, 1893 (section 1541 of the Code of 1896), apply to plaintiff, or the claim of title by adverse possession on which he relied; nor does that act, as amended by section 2830 of the Code of 1907, apply to cases involving questions as to boundaries between coterminous owners, as does this case. Smith v. Bachus, supra.

[5-8] The rule of law stated in Alexander v. Wheeler, supra, viz., "that every judgment of a court of justice must either be perfect in itself, or capable of being made perfect by reference to the pleadings, or to the papers on file in the cause, or else to other pertinent entries on the court docket," and that "verdicts, in like manner, cannot be supplemented by intendment, or by reference to mere extrinsic facts," is freely admitted. In respect of the mere matter of form the judgment in this case is unexceptionable. The real question is whether the verdict was not hopelessly defective and so afforded no proper basis for the judgment. This point was not raised in the trial court. It is raised now for the first time. In order that the objection should avail it is necessary that the judgment be found to be wholly void. Intendments are indulged in favor of judgments, and a majority of the court are of the opinion that, in view of the undisputed effect of the evidence, the presumption may properly be indulged on appeal that the trial court referred the verdict to that result which the court knew the evidence sustained. But, however that may be, the court holds further that, under the authorities referred to in the outset, judgment on the verdict might have been rendered in favor of the plaintiff for the land described as in either or both the first and third counts of the complaint, and that the failure to render judgment for the plaintiff

for the land described in the first count is not a matter of which the defendant can be heard to complain. Whether the two descriptions refer to precisely one and the same tract or to tracts described differently as to their eastern boundary, no harm has resulted to the defendant, appellant.

Appellant refers also to the decision in Kirkland v. Pilcher, 174 Ala. 170, 57 South. 46. That was an action in detinue. The issue was whether plaintiff had a general or special property in the chattel sued for and had a right to the immediate possession thereof. The verdict and judgment were for a sum certain, assessed as damages, without a finding or judgment against either party for the property sued for or its alternative value. There was thus an utter failure to respond to the issue tried, and this court held the verdict and judgment to be invalid. Here, manifestly, the case and the question are different, as we have already indicated, and the opinion of the court is that no harmful error has been shown and that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

BROWN. J., concurs in the result.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes