## FORRESTER v. McFRY.

### 7 Div. 256.

Supreme Court of Alabama.

Oct. 11, 1934

W. C. McMahan, of Heflin, and Chas. F. Douglass, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

FOSTER, Justice.

Appellee moves to strike from the bill of exceptions certain instruments designated as exhibits to it. In the body of the bill of exceptions they are referred to and alleged to be attached and marked as Exhibits A to P, each respectively and separately. They are so marked. There is nothing to indicate that they were not so attached and marked at the time the judge approved the bill.

When the bill contains a memorandum directing the clerk to copy a certain document, the memorandum must describe the document so that it may by such description, taken by itself, be identified by one not familiar with the trial. Farmer v. Wilson, 34 Ala. 75; Garlington v. Jones, 37 Ala. 240; Tuskaloosa County v. Logan, 50 Ala. 503; Parsons v. Woodward, 73 Ala. 348; Anniston Mfg. Co. v. Southern Ry. Co., 145 Ala. 351, 40 So. 965; Fuller v. Fair, 206 Ala. 654, 91 So. 591; Jones v. White, 189 Ala. 622, 66 So. 605; Hamrick v. Albertville, 228 Ala. 666, 155 So. 87.

That is not this situation. If the document is attached when the judge signs the bill, and it is referred to as an exhibit and identified by number or letter, there is no uncertainty, and the exhibit is as much a part of the bill as if it had been copied in its body. Oregonian R. Co. v. Wright, 10 Or. 162; Legnard v. Rhoades, 156 Ill. 431, 40 N. E. 964; Rosenthal v. Wehe, 58 Wis. 621, 17 N. W. 318; Humbarger v. Humbarger, 72 Kan. 412, 83 P. 1095, 115 Am. St. Rep. 204; Leftwitch v. Lecanu, 4 Wall. 187, 18 L. Ed. 388; Louisville & N. R. Co. v. Barker, 96 Ala. 435, 11 So. 453; 4 C. J. 236.

We are aware of the fact that in Padgett v. Gulfport Fertilizer Co., 11 Ala. App. 366, 66 So. 866, the Court of Appeals has held that when exhibits are thus attached and marked, they are not sufficiently identified, but that they must be described with the same certainty as when not attached, and when there is only a direction to the clerk to copy them.

But we are not willing to extend the same requirement to an exhibit physically attached and marked as an exhibit when the judge signs it. It is all one item, becomes a part of the record, and is filed as such. That there may be opportunity to substitute other documents after it is thus signed is not in our opinion sufficient reason to strike them when no such contention is made. We have found no other case in Alabama which extends the rule as stated by the Court of Appeals, and we are not disposed to follow it.

The suit is to recover possession of land lying north of the Indian boundary line in southwest quarter of section 18, township 13, range 11, in Cleburne county. This is said to refer to the Cherokee-Creek line, and is a part of the original government survey. It extends in a southeasterly direction through the section from the northwest corner of southwest quarter. South of that line the land is divided into lettered fractions, so that C and D are in the southwest quarter of section 18, with C east of D.

Defendant filed so-called pleas. Demurrer was sustained to each of them. They undertook to have the court and jury fix a line as the true boundary line between plaintiff and defendant, alleging that the suit arises over such a dispute. The authority for such a proceeding is found in section 7457, Code.

In order to save confusion existing under prior statutes, when the duty of locating a line was cast on the sheriff, if plaintiff took a judgment, without joining issue, on a disclaimer, section 7457, Code, was so written that when defendant disclaimed, he was permitted to allege that the suit arises over a disputed boundary line, and to describe the

true line. This must be done definitely as by landmarks, monuments, courses, and distances, and be more than a bare statement that it is the line surveyed by the government engineers, without identifying markers.

Defendant undertook to do this in his suggestion of disclaimer. The chief contention made in brief to uphold the ruling of the court in sustaining the demurrer is that the pleas do not sufficiently describe the location of the true line. They all allege that the true line is that which begins at the northeast corner of fraction C, and extends westerly along the Indian boundary line to the northwest corner of fraction D. This allegation standing alone is no more than to say that the boundary line is the Indian line as originally surveyed. It does not stop there, but undertakes to give the landmarks and monuments and otherwise locate the line. The northwest corner of fraction D is alleged to be marked "by a stob with rocks around it." The line is alleged to extend about thirty feet north of defendant's residence, and is indicated by blazed trees a part of the way, by turn or end rows a part, and by a hedge row to a point near the creek, and then up a hillside to the northwest corner of fraction D.

Descriptions of that sort are not as complete and perfect as they could be made, but this court has held that they are not so indefinite as to be insufficient to present an issue or to sustain a judgment. Smith v. Eudy, 216 Ala. 113, 112 So. 640; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Mixon v. Pennington, 204 Ala. 347, 85 So. 562; Pennington v. Mixon, 199 Ala. 74, 74 So. 238; Pounders v. Nix, 222 Ala. 27, 130 So. 537.

All the pleas (or suggestions) contain this description. We do not think they are defective to the extent that demurrer to them should be sustained in respect to the description of the line. They all trace the true dividing line as that which extends along the Indian boundary line. By such issue the question is whether defendant has truly described the Indian boundary line.

Pleas 1, 6, 7, and C suggest that the suit arises over a disputed boundary line, and describe the location of the true line, as defendant contends. They therefore comply with section 7457, Code, and put upon plaintiff the duty to take issue on them or reply in writing setting forth his contention as to the true line. The demurrer to them was, in our opinion, erroneously sustained.

Plea A was merely a disclaimer of the possession of land lying north of the line so described. And plea B was that of not guilty as to all that lies south of that line.

Since we hold that the line as described is not void for uncertainty, we think the demurrer to them was also improperly sustained.

Defendant had the benefit of matter set up in pleas 5 and D, so that there was no reversible error in sustaining demurrer to them.

In pleas 2, 3, and 4 defendant makes the same suggestion that the suit involves a dispute as to the boundary between their lands, and describes the same line which he claims to be the true line, and then alleges his adverse possession of the land extending to that line, for ten and twenty years, respectively.

It will be noted that the description, so stated, is that the line extends along the Indian boundary line, and then sets out the location of that line. It therefore undertakes to locate a line fixed by the government survey, nothing more. This cannot be done by adverse possession. Mixon v. Pennington, 204 Ala. 347, 85 So. 562; Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Pounders v. Nix, supra.

We have held that when the issue is not thus framed, but that when a certain described line is alleged to be the boundary, and that line is not controlled by the government survey, it may be so established, in equity, by adverse possession. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Smith v. Cook, 220 Ala. 338, 124 So. 898; Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558. The same is true at law on such an issue. Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Steele v. Allen, 214 Ala. 285, 107 So. 812.

This does not conflict with the settled doctrine that defendant cannot in the same suit in ejectment disclaim possession and plead not guilty to the same portions of the land sued for. Mixon v. Pennington, supra; Wade v. Gilmer, supra.

Section 7457, Code, confers the power on courts of law to ascertain the true location of the boundary line, such as is conferred upon courts of equity. Sections 6440 and 6465, Code.

When defendant describes the true line by courses, distances, landmarks, and monuments, and does not confine it to the true location of the government survey, adverse possession may be sufficient to establish it as such. But when it is declared that such

line is the true course of the government survey, adverse possession is only useful as other evidence to aid the court in locating the line as originally surveyed. Pounders v. Nix, 222 Ala. 27, 130 So. 537.

 Defendant's pleas (or suggestions) 2, 3, and 4 all fix the line of the Indian boundary as the true line. While they undertake to describe its location, it is apparent that the claim is that such is the true Indian line— so that the issue is whether it is there correctly described. The allegation that by adverse possession the line as thus defined became the established line merely adds to the issue an unnecessary averment. With or without that averment, the description of the line is such that it must be along the Indian boundary as originally surveyed. Demurrer to these pleas was sustained without reversible error.

The motion to strike parts of the bill of exceptions is overruled. The judgment is reversed for sustaining demurrer to pleas (or suggestions) 1, 6, 7, C, A, and B. Other questions we think need not be considered.

Reversed, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.