174 So. 301

## MOBILE COUNTY v. TAYLOR.

### I Div. 956.

Supreme Court of Alabama.

May 13, 1937.

George A. Sossaman, of Mobile, for appellant.

Frank J. Yerger, of Mobile, for appellee.

BROWN, Justice.

This is a bill by one coterminous proprietor of lands against the other proprietor, seeking to invoke the jurisdiction and powers of the circuit court, sitting in equity, to

define and establish "the correct boundary line between their respective properties."

The bill, in substance, avers that the land owned by the defendant consists of "All that land bounded as follows :. Commencing at a point on the western shore of Mobile Bay (taking the shore line in settled weather) where the south boundary line of fractional section seven (7) in township eight (8) south, range two (2) west, intersects said shore; running thence westwardly thirteen hundred and twenty (1320) feet more or less, along the south boundary line of said fractional section seven (7) to a point, thence southwardly, maintaining a distance of thirteen hundred and twenty (1320) feet from the western shore of Mobile Bay in settled weather, into the navigable waters of Mississippi Sound, a distance of three (3) miles, more or less, including the boundaries herein specified, Cedar Point; the land herein conveyed being bounded on the north by the south boundary line of said fractional section seven, in township eight (8) south, range two (2) west, on the east by the United States Dredged Channel of Mobile Bay, on the West by land and water distant thirteen hundred and twenty (1320) feet west from the west shore of Mobile Bay in settled weather, and on the south by Mississippi Sound."

The complainant's lands are situated immediately west of defendant's tract, and were conveyed to the complainant and his successors in title, on September 10, 1898, by Frederick Kuppersmith and wife, and consisted of the balance of the tract of 1400 acres owned by said grantor, less the land owned by the defendant, conveyed to its successors in title, the Mobile & Ohio Railroad Company, by said Kuppersmith and wife, on the 9th of September, 1898.

The bill in its fourth paragraph then avers that since September 10, 1898, "there has been a constant and considerable recession of said western shore line of Mobile Bay, by reason of erosion, whereby the depth or width of said strip of land conveyed to said Railroad Company by said deed of September 9th; 1898, has been decreased and lessened; and that by reason of said erosion, the present boundary line or dividing line between said land wherein your orator has said four-fifths interest, and said land now owned by Mobile County or wherein said County is interested, cannot be correctly determined and established."

The defendant, appellant, here demurred to the bill for want of equity, and because its averments do not show that there was any dispute between the parties as to the boundary line between said coterminous proprietors, and insists that the demurrer was erroneously overruled.

Appellee's contention, on the other hand, is that: "The uncertainty of the boundary line involved in the present suit, and the impossibility of knowing and establishing the same, except by a proceeding of this sort, reasonably appears from the allegations of the bill, admitted on demurrer."

The fault in appellee's contention is, that uncertainty standing alone is not the basis of equity jurisdiction. There must be a controversy—a dispute between the coterminous proprietors—as to the correct location of the boundary line. Code 1923, §§ 6439, 6465. In the absence of such justiciable controversy, a court of equity will not intervene. Smith et al. v. Cook, 220 Ala. 338, 124 So. 898; Mink v. Whitfield, 218 Ala. 334, 118 So. 559.

In the case relied on to. uphold the ruling on the demurrer, it was observed:

"The bill shows that the controversy relates to the ownership of a small strip of land between their respective holdings, complainants on the south and defendant on the north, and that it is apparently dependent upon the correct boundary line between them.

"A court of equity has jurisdiction to settle that controversy, sections 6465, 6439, Code, although it might also be settled in the ejectment suit which was begun for that disputed strip." [Italics supplied.] Holder v. Taylor et al., 233 Ala. 477, 172 So. 761, 762.

The judgment here is that the bill is without equity and that the defendant's demurrer thereto was erroneously overruled.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.