56 So.2d 408

**MINOR et ux. v. A. B. LEGG & SONS BURIAL INS. CO., Inc.**

**6 Div. 255.**

Supreme Court of Alabama.
Jan. 17, 1952.

Fite & Fite, Jasper, for appellee.

Reuben L. Newton, Jasper, for appellants.

BROWN, Justice.

The bill filed by the appellees January 12, 1951, alleges that "Complainant is the owner of Lot 31 in Block 229 according to map recorded in Map Book 1, Page 76 in the office of the Probate Judge of Walker County, and defendants are the owners of Lot 16 in said Block 229 in the city of Jasper, Alabama. The said lot of complainant joins the said lot of the defendants and there is dispute between the parties hereto as to the true location of the line between said lots. The correct line between said lots is as surveyed by N. M. Appling, engineer, and is described as follows: "Beginning at the northeast corner of Lot No. 32, Block 229, Jasper, Alabama, said corner being a four inch square concrete monument; thence in a southerly di-

rection along the west property line of Third Avenue, 130.0 feet to the southeast corner of lot No. 31 Block 229, said corner being a four inch square concrete monument; thence in a westerly direction at a right angle to Third Avenue and along the south line of Lot No. 31, said line being the line between Lot No. 16 and Lot No. 31, a distance of 136 feet to the southwest corner of Lot No. 31, said corner being a four inch square concrete monument."

The complainant prayed "that a decree be rendered in this court establishing the true boundary line between complainant's said lot No. 31, and defendants' said Lot No. 16, and that such orders and decrees be rendered as may be appropriate to mark and identify the said line and that the respective parties hereto be required by this Court to surrender possession of any part of either of said lots which may be held by either of them, respectively, beyond the line established by the Court."

The defendants demurred to the bill on the following grounds: "(1). There is no equity in the bill. (2) Said bill is vague, indefinite and uncertain and fails to show wherein the alleged error in location of the subject land line lies. (3) Said bill fails to state a cause of action."

This demurrer was overruled and this ruling is the basis for the first assignment of error. This assignment of error is not argued, however, but it is without merit.

■ The averments of the bill show a disputed boundary line within the contemplation of the statute. Code 1940, Title 47, § 5; Smith v. Cook, 220 Ala. 338, 124 So. 898; Mobile County v. Taylor, 234 Ala. 167, 174 So. 301.

The answer filed by the defendants February 26, 1951, alleges *inter alia,* "that the line as surveyed by N. M. Appling, Engineer, and above-described is incorrect but that the correct line between said lots is described as follows: Begin at the NE corner of Block 229 and run south along the West right of way line of 3rd Avenue a distance of 245 feet to the NE corner of Lot No. 16 in Block 229, Jasper, Alabama, said corner being a four inch square concrete monument; thence in a westward di-

rection and parallel to the north line of said Block 229 a distance of 136 feet to the NW corner of Lot No. 16, said line being the line between Lot 16 and Lot No. 31.

"For further answer to said paragraph the respondents state that the recognized line between Lots No. 16 and No. 31 has run parallel with the north line of Block 229 and that such line has been recognized for 20 years and that the respondents and those through whom they claim title have claimed to own the property embraced in Lot No. 16 up to the line on the north side of said lot which runs parallel with the north line of Block 229. That they have claimed to own said property for over a period of 20 years and that their claim has been open, hostile, notorious, adverse exclusive to any and all claims."

On ex parte motion filed by complainant March 16, 1951, to set the case for hearing on the 26th of March, 1951, the court entered an order, "That said cause be and the same is set for final hearing in Jasper, Alabama, beginning at 9 o'clock a. m. on Monday, March 26, 1951. The Register is directed to deliver a copy of this order to the solicitors of record for the parties to this suit, and the parties may have before the court such witnesses as they wish to examine on the trial of this case." There is nothing in the record showing that a copy of said order was delivered to the defendants or their solicitors of record,— Curtis, Maddox and Johnson and Reubin L. Newton.

Notwithstanding this omission, the record shows that on March 29, 1951, the court sat and heard the oral testimony offered by the complainant and received documentary evidence. At the conclusion of such hearing the court stated: "Gentlemen, I didn't know Mr. Maddox' name was signed on that paper, I hadn't checked the answer in this case. I talked to Mr. Newton this morning, he was not able to be here, and he agreed that we proceed with this hearing. I told him if he wanted to take some testimony later he could, I am not sure what he expects to do. If he wants to take some testimony he can, and if he doesn't I will decree this case on what we have heard this morning." The record

then shows: "(This Was all the Testimony Taken on This Date)".

■ This course of the procedure is made the basis of assignments of error 2, 3, 4 and 5 and appellants strenuously insist that the record shows such gross non-compliance with Rule 60 of Equity Practice as to work a reversal of the decree. Equity Rule 60, Code 1940, Tit. 7 Appendix, p. 1096. If this was all that appeared in the record we concede that error to reverse would be the inevitable result. But the record shows that on March 30, 1951, the parties appeared in open court, William I. Minor in person with his solicitor Mr. Newton, and without objection proceeded with the taking of the testimony, cross examining the complainants' witnesses and examining several others including the respondent Minor. Taking of this further testimony continued through March 30th into the 31st of March, covering 26 pages of the record. We are, therefore, not of opinion that the matter here complained of constituted reversible error.

■ The appellants further insist that the testimony elicited by the question put by complainants' solicitor to the witness Newburne Appling, a civil engineer who made a survey to locate the line,

· "Q. Did you locate the line between the property of A. B. Legg & Son between Lots 16 and 31, in Block, 229, according to Map Book 1, page 76, is this line set out on this map correct as the line between Lots 31 and 16? A. (witness examines map) Yes, it is correct.

"Q. Did you make an accurate survey of it? A. Yes, sir."
injected reversible error into the trial of this case.

We are of opinion that these questions were permissible, being as they were addressed to a qualified engineer, who made the survey and examined the recorded map in the office of the judge of probate which was subsequently offered by the complainants and received in evidence.

We have examined all other assignments of error and find nothing that requires further treatment.

The deed from J. H. Deason and wife to the complainant, under which it claims title, describes the property as, "Lots 31 and 32 in Block 229 in the City of Jasper, Alabama, *according to the map recorded in Map Book 1, Page 76, in the office of the Judge of Probate of Walker County, Alabama,* being a part of the E-½ of NW-¼, Section 16, Township 14, South, Range 7, West."

The deed to William I. Minor executed by his wife Verdia Mae Brannan Minor, calls for "Lot Sixteen (16), in Block 229, according to re-subdivision of Block no. 229, as surveyed by John R. Smith, Engineer, and recorded in Map Book One, Page 76, in the Probate Office of Walker County, Alabama, being a lot 38 feet fronting 3rd Avenue on its west side and extending back uniform width 136 to an alley, located in the City of Jasper, Walker County, Alabama."

The map recorded in Map Book One, Page 76, offered in evidence is not incorporated in the record. The certificate of the register shows that it "cannot be copied into the record or reproduced and put into the record, said book being a record of maps required by law to be kept in the Probate Office of the County." The Register's certificate shows that "the same is true as to map recorded in said Map Book One, at Page 3, offered in evidence by appellant."

The court in its final decree, from which this appeal is prosecuted, found as a matter of fact that "The evidence shows that complainant owns lot 31 in Block 229 in the City of Jasper, Alabama, according to the map recorded in Map Book 1, page 76, in the office of the Judge of Probate of Walker County, Alabama, and that the defendants are the owners of Lot no. 16 in said Block 229 according to said map. The evidence shows, and the court finds and it is therefore accordingly ordered, adjudged and decreed that the true line between said lots No. 31 and No. 16 is as surveyed by N. M. Appling, engineer, and is described as follows:

"Beginning at the northeast corner of Lot no. 32, Block 229, Jasper, Alabama, said corner being a four inch square concrete

monument; thence in a southerly direction along the west property line of Third Avenue, 130.0 feet to the southeast corner of Lot No. 31 Block 229, said corner being a four inch square concrete monument; thence in a westerly direction at a right angle to Third Avenue and along the south line of Lot No. 31, said line being the line between Lot No. 16 and Lot No. 31, a distance of 136 feet to the southwest corner of Lot No. 31, said corner being a four inch square concrete monument.

"The court finds that a corner has been established by N. M. Appling, engineer, and a monument placed at the southeast corner of said lot 31 which is the northeast corner of said lot 16 on Third Avenue, and that the said N. M. Appling, a civil engineer, has also located and established the southwest corner of said lot 31 at an alley, but no monuments are placed between said points. It is therefore ordered, adjudged and decreed that the said N. M. Appling, civil engineer, is hereby appointed and directed to place monuments a distance of approximately 20 feet apart from the monument so placed by him on Third Avenue and the one so placed by him on the alley."

These findings are consistent with the calls in the muniments of title of the respective parties and in the absence of the maps upon which descriptions are based, which were before the trial court, we are not in position to affirm error in the court's decree. Tanner v. Dobbins, 255 Ala. 671, 53 So.2d 549.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.