73 So.2d 92

**GODSEY  v.  ANGLIN.**

**GODSEY  v.  ANGLIN et al.**

6 Div. 389, 390.

Supreme Court of Alabama.

May 13, 1954.

Fred Fite, Hamilton, and Fite & Fite, Jasper, for appellant.

Williams & Williams, Russellville, for appellees.

PER CURIAM.

There were two suits in which there was a joint trial, resulting in two separate judgments with a separate appeal from each judgment and with one record. The court gave the affirmative charge for the plaintiff in both cases. The assignments of error in each case are separate and relate to the giving of that charge, respectively. A plat of the land—not to scale—is included in the report of the case.

We will first consider the case of H. H. Anglin as plaintiff. He sued Charlie Godsey for the recovery of the S½ of NW¼ of NW¼, Section 1, Township 10,

Range 14 West in Marion County. The only defense was a suggestion in writing by defendant that the suit arose over a disputed boundary line in which he described the location of the true line as he contends. The line in dispute is between the NW¼ of NW¼ of Section 1 and NE¼ of NE¼ of Section 2, Township 10, Range 14 West. It is described in the suggestion, to paraphrase it, as commencing at the SE corner of NE¼ of NE¼, Section 2, supra, running thence north along the east line of said forty 476 feet to where the Hamilton-Hodges Road crosses it, thence eastwardly along said road to the Hamilton and Bull Mountain Road 423 feet, thence north along said road 289 feet to the Tice Road, thence westwardly along said road to the west line of the NW¼ of NW¼, Section 1.

So that the controversy relates principally to a small area of three or four acres surrounded on the south, east and north by roads and on the west by the section line, and being in the S½ of NW¼ of NW¼ of Section 1. There seems to be some controversy about the location of the starting point, to wit: the SE corner of NE¼ of NE¼, Section 2, supra. The description in the suggestion of defendant also refers to the line thus asserted as being according to the survey and plat of C. R. Franks in 1934. But that feature of it does not in the pleadings or judgment make certain any uncertainty as to the location of that section line and the starting corner. The description in the suggestion, as authorized by section 942, Title 7, Code, cannot be aided in that manner. Millican v. Mintz, Ala.Sup., 68 So.2d 702; Golden v. Rollins, 259 Ala. 286, 66 So.2d 91(13). But there was no demurrer to the suggestion for such insufficiency. Cox v. Cook, 245 Ala. 668, 18 So.2d 406(4). In the case of Minor v. A. B. Legg & Sons Burial Ins. Co., 256 Ala. 577, 56 So.2d 408, the decree of the trial court referred to certain surveys, but it showed that their location was marked and identified sufficiently to find them.

The description as set out in the suggestion does not indicate that there was any controversy as to the location of the corner which is the starting point. So that on its face the description as there set out is not uncertain as to the starting point. Smith v. Simmons, 228 Ala. 393, 153 So. 633. But if there is a controversy about it as where surveyors place it at different locations, it should be described in the suggestion and judgment by monuments, distances and courses and not by reference to a survey, Millican v. Mintz, supra; Forrester v. McFry, 229 Ala. 324, 157 So. 68, or other extraneous facts. Hopkins v. Duggar, 204 Ala. 626(5), 87 So. 103.

In reply to the suggestion plaintiff alleged that the true location of the disputed boundary line is the section line according to the government survey, between the S½ of NW¼ of NW¼, Section 1, supra, and S½ of NE¼ of NE¼, Section 2, supra. But this replication does not further describe the location of the line as thus surveyed. So that the issue was thus attempted. The plaintiff was claiming the whole of the S½ of NW¼ of NW¼ of Section 1. Defendant was claiming the small area of three or four acres described in his suggestion and located in the S½ of NW¼ of NW¼, Section 1. Defendant claimed it by adverse possession by himself and his predecessor, one O. Q. Lee. Lee had a deed which, by proper description, conveyed that area to him on August 15, 1931, and he conveyed it by the same description to defendant by deed dated July 7, 1942. There was evidence that Lee and defendant successively had held actual possession of it for more than ten years and until this suit was instituted in 1950. They had color of title, although that was not necessary under section 828, Title 7, Code. But it was important to show the extent of the possession and the adverse nature of it. Lowery v. Mines, 253 Ala. 556, 45 So.2d 703(2); Marietta Fertilizer Co. v. Blair, 173 Ala. 524, 56 So. 131.

We judge from the argument that the affirmative charge was given on the theory that the government survey cannot be changed by agreement or adverse possession. That is a correct statement of the principle. But by adverse possession or valid agreement a boundary line between

two tracts can be established so that the government survey no longer will be the location of it. Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731; Milstead v. Devine, 254 Ala. 442, 48 So.2d 530; Guy v. Lancaster, 250 Ala. 226, 34 So.2d 10; Denton v. Corr, 250 Ala. 149, 33 So.2d 625; Mintz v. Millican, 248 Ala. 683, 29 So.2d 230; Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416; Forrester v. McFry, 229 Ala. 324, 157 So. 68.

■■ That theory does not support the affirmative charge for plaintiff. There is no other theory advanced which is sufficient to that end. This will necessitate a reversal. But we suggest that if there is a controversy as to the true location of the line between sections 1 and 2, here involved, it should not be left to the sheriff to decide the controversy but it must be so described that the sheriff can find it without the aid of extraneous facts. Millican v. Mintz, Ala.Sup., 68 So.2d 702; Baldwin v. Harrelson, supra; Forrester v. McFry, supra; Hopkins v. Duggar, supra; Alexander v. Wheeler, 69 Ala. 332(17). Compare section 4, Title 47, Code.

The judgment pursuant to the verdict fixed the boundary line in dispute as that of the government survey between the S½ of NW¼ of NW¼, Section 1 and S½ of NE¼ of NE¼, Section 2. That did not describe the location of the government survey, if that was in dispute, but served to award to plaintiff the small area which seems to be the principal dispute in the suit of H. H. Anglin.

We think there was error in giving the affirmative charge for the plaintiff in view of the evidence of adverse possession by defendant. The judgment should be reversed and the cause remanded.

(6 Div. 390. Charlie Godsey v. Walker Anglin, et al.)

The other case is that of Walker and Mildred Anglin against the same defendant with respect to a different parcel of land. In that suit plaintiffs seek to recover the S½ of NE¼ of Section 2, supra, less ten acres in the NW corner of SE¼ of NE¼ of Section 2, particularly described. The defendant made a suggestion under section 942, Title 7, Code, that the suit arose over a disputed boundary line and then set out what is alleged to be the true boundary line. This description includes the small area in dispute in the other case (No. 389, supra), which is not included in the Walter Anglin suit, but the judgment does not include it, so that it is out of this feature of the litigation.

This suit is only for the S½ of the NE¼ of Section 2, less ten acres there described. The suggestion of what is the true line in dispute gives the government survey as the north line of the SW¼ of NE¼ of Section 2, and then gives the boundary line of the ten acres, which is alleged to be the quarter section line between the SE¼ and SW ¼ of NE¼ of Section 2, extending to where the Dock Ballard Mill Road crosses it, thence eastwardly along that road to the Hodges-Hamilton Road, which crosses the former road, thence north along the latter road to the half section line on the north side of SE¼ of NE¼, Section 2, thence east along that line 290 feet (to the corner of the section, to paraphrase it): this was also said to be according to the survey made by Franks in 1934. This description of the line then proceeds to embrace land not involved in the suit of Walker and Mildred Anglin, but relates to the suit of H. H. Anglin as stated above.

Plaintiffs' replication to that suggestion is that the true line between plaintiffs and defendant is the true line between the SW¼ of NE¼ and the NW¼ of NE¼; also the true line between the SW¼ of the NE¼ and SE¼ of NE¼ north of the Dock Ballard Mill Road, and between the NE¼ of NE¼ and SE¼ of NE¼ east of the Hodges-Hamilton Road. That is not different from the description of the line in defendant's suggestion, except as to the survey by Franks. It is not clear from the pleadings what the difference is in the respective contentions of the parties as to this boundary.

There was a verdict and judgment for the plaintiffs pursuant to the general charge

given at their request, whereby the boundary line between the parties is as follows: "The true line between the SW¼ of NE¼ and the NW¼ of NE¼; also the true line between the SW¼ of the NE¼ and the SE¼ of the NE¼ north of the Dock Ballard Mill Road; and also the true line between the NE¼ of NE¼ and SE¼ of the NE¼ east of the Hodges and Hamilton Road, all in section 2, Township 10, Range 14 West."

■ That judgment seems to settle nothing. It is not at all clear what is here in dispute. The defendant's suggestion fixes the true line as that of the government survey, as does the replication and also the verdict and judgment of the court. None of them describe the line of the government survey so that the sheriff can locate it in respect to any dispute about it. Hopkins v. Duggar, supra (5). The only difference we can find in their respective descriptions of the line of the government survey between them is that in defendant's suggestion the line is said to .be according to the survey and plat of C. R. Franks made in 1934. We showed in the H. H. Anglin case, supra, that such added feature does not help the situation as applied to the pleadings and the judgment of a court. It is not clear from them that there is in fact a difference between the true line and that line as surveyed and located by Franks in 1934. Or if there is, what that difference is. The judgment as rendered in connection with the issues as made is without meaning and accomplishes nothing. Alexander v. Wheeler, supra. It is therefore necessary for the judgment here to take the course followed in Millican v. Mintz, Ala. Sup., 68 So.2d 702,[1] in which for like reason it was said that the verdict and judgment are uncertain, leaving complete discretion to the sheriff to find the true location of the lines by the government survey. That result is not permissible when that is the matter in dispute for the court to determine. So that the judgment cannot stand, but should be reversed and the cause remanded.

It follows that both judgments should be reversed and both causes remanded so that the issues may be reframed where necessary to make their respective contentions clear.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded as to both appeals.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.