BEATTY, Justice.
This is an appeal from a decree rendered in a boundary line dispute in which, following an ore tenus hearing, the trial court’s order vested title to certain land in the plaintiffs. We affirm.
In dispute is a strip of land consisting of approximately 5.46 acres and running the length of the parties’ common border. The controversy arose in 1973 when the plaintiffs had their property surveyed by Frank Hollis, a registered surveyor, in order to divide it into separate tracts. The Hollis survey, which located the government survey subsection line (the correct boundary line according to the defendant), indicated that the northern boundary of plaintiffs’ property was south of the corners previously used by them to delineate that boundary. That government subsection line, as well as the corners contended by plaintiffs to represent the correct boundary, are shown on the Hollis survey.
Claiming adverse possession, the plaintiffs brought this action to have the boundary line established. A detailed description of the plaintiffs’ evidence is unnecessary here; it is sufficient to state that from the testimony of the ten witnesses called by the plaintiffs the trial judge could have found, as he did find, that the plaintiffs had since 1921 recognized their northern boundary line as lying between corners north of those indicated by the survey. Testimony from plaintiffs and longtime area residents revealed that the alleged northwest corner was represented by the remnants of an old fence and by an iron stob directly under the place where the “X” in an old wooden bridge was used to mark the corner. The alleged northeast corner was recognized by a metal stob which replaced the previous marker of a pile of rocks with a “pineknot” in it. The plaintiffs’ evidence, moreover, established that a “tram road” or “dinky line” (for hauling timber) ran close to or along the property line asserted by plaintiffs, and that in the past timber had been cut off the property by the plaintiffs with the “tram road” having been considered as the northern boundary. Plaintiffs also proved their use of the disputed land for a family wash hole in a creek, for occasional swimming, for gathering berries, chestnuts and firewood, for gardening, and for other uses implying ownership. Although the decree itself does not use the term “adverse possession,” it is clear from the nature of *958 the evidence and from the colloquy between the trial court and counsel at the conclusion of the evidence that the case was decided on the theory of adverse possession.
The defendant contends that the effect of the decree was to relocate the governmental subsectional line on the boundary between the parties. We cannot agree. The record discloses that the trial court examined the map prepared by the surveyor, which shows the subsection lines and also the corners claimed by the plaintiffs. Although the survey map itself was admitted into evidence by agreement of the parties, that survey did not in itself establish the true line between the parties. Indeed, this Court stated in Godsey v. Anglin, 261 Ala. 19, 21, 73 So.2d 92 (1954):
[B]y adverse possession ... a boundary line between two tracts can be established so that the government survey no longer will be the location of it. [Citations omitted.]
See also Rutland v. Georgia Kraft Co., Ala., 387 So.2d 836 (1980).
Additionally, there was evidence upon which the trial court could have based a finding of actual, hostile, exclusive possession of the disputed tract by the plaintiffs for over twenty years. The collective acts of the possessor, rather than each act independently, are to be considered on the question, Pierson v. Case, 272 Ala. 527, 133 So.2d 239 (1961), and continual use is not required, it being sufficient that the claimants show a use or exercise of dominion “as in its present state it is reasonably adapted to.” Moorer v. Malone, 248 Ala. 76, 26 So.2d 558 (1946), quoting from Alabama State Land Co. v. Mattews, 168 Ala. 200, 53 So. 174, 175 (1910). Such a use was established by the evidence.
We have considered the recorded testimony, the excellent briefs of the parties, and the authorities cited to us on this appeal. Based upon that review we have concluded that the trial court’s decree must be affirmed. It is so ordered.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.