# Crane *v.* Blackburn.

## *Bill to Reform Description in Deeds.*

(Decided June 18, 1914. 65 South. 812.)

1. *Reformation of Instrument; Burden of Proof.*—One suing to reform an instrument must show by clear and satisfactory evidence that the instrument does not express the agreement of the parties, thus excluding any uncertainty as to the asserted mistake.

2. *Same; Ground; Fraud or Mistake.*—A grantor in a warranty deed who by fraud or mistake described land not owned or claimed by him, may have the deed reformed so as to eliminate such land.

3. *Same.*—The right of a grantor to have a deed reformed so as to have eliminated therefrom land not owned or claimed by him is not affected by the fact that the grantee may have otherwise as-

serted a right to the land, or may have entered into the possession thereof.

4. *Same.*—The right of a grantor to have his deed reformed so as to eliminate therefrom lands described therein not owned or claimed by him is not affected by the fact that after the filing of the bill by the grantor for such reformation, the grantee offered to quit claim any right to the described land to any one the grantor would direct.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. E. Crane against J. H. Blackburn to reform the description in certain deeds executed by complainant to respondent. From a decree denying relief complainant appeals. Affirmed in part, and in part reversed and remanded.

ISBELL & SCOTT, for appellant. After a discussion of the averments of the bill, counsel declare that the law is too well settled to need citation of authority to support the right of complainant to relief; hence, counsel cite no authority.

HUNT, HUNT & WOLFES, for appellee. Counsel discuss the errors assigned, but without citation of authority.

MCCLELLAN, J.—The appellant, Crane, filed this bill against Blackburn, and prayed the reformation of the description in two warranty deeds, executed by the former to the latter on September 10, 1906, and June 11, 1908, respectively. It appears that the latter conveyance was made with the view to the correction of error or errors in the former conveyance, but that this purpose, common to the parties, was not fully accomplished thereby. There was no reconveyance by the appellee, Blackburn. Relief was denied by the chancellor.

There were two elements of asserted error in the first conveyance, viz.: One that 40 acres, not owned or claimed by appellant (vendor), was included in the calls in the deed; and one that the southeasterly line, or the "conditional fence line," of the tract actually intended to be conveyed was erroneously defined therein.

In order to warrant equity to grant relief by *reformation,* the complainant has the burden of showing, "by evidence that is clear, exact, convincing, and satisfactory," that the instrument does not express the true agreement of the parties, thereby necessarily excluding any real uncertainty as to the subject of the asserted mistake and in consequence of exacting an accurate, reliable definition, in pleading and proof, of what constituted the error against which reformation is desired to relieve.—*Hough v. Smith,* 132 Ala. 204, 31 South. 500; *Hertzler v. Stevens,* 119 Ala. 333, 24 South. 521; *Moore v. Tate,* 114 Ala. 582, 21 South. 820.

After a careful consideration and review of the entire evidence, it is sufficient to say, as did the learned chancellor, that the complainant plainly failed to carry the burden in respect of mistake touching the *southeasterly* line of the tract intended to be conveyed. Indeed, the preponderance of the testimony might be well said to rest with the defendant's (appellee's) contention that the line mentioned was where the parties thought it was and intended it to be. The feature of the decree expressing this view was well rendered. But we cannot approve the chancellor's conclusion wherefrom he refused relief as to the *forty acres,* described in the deed, and not owned or claimed by the vendor (appellant).

A grantor in a warranty deed, which by fraud or mistake is made to describe land not owned or claimed by the grantor, has the right to have the instrument reformed so as to eliminate therefrom the land in which

[Crane .v. Blackburn.]

he neither had nor claimed to have any interest or title. —*Dean v. Hall* (Ky.) 105 S. W. 98; *Miller v. Morris,* 123 Ala. 164, 27 South. 401; 34 Cyc. p. 951.

The answer of defendant confesses that the *northeast quarter of the northeast quarter of section 24,* in township 5, range 9, in DeKalb county, Ala., was erroneously embraced in the warranty deeds mentioned, not being owned or claimed by appellant. This fact is confirmed in the evidence. The deeds were filed for record by the grantee (appellee), and were recorded in the appropriate probate office. It was and is immaterial whether the grantee otherwise asserted or claimed any right to that 40 acres or entered into the possession thereof. The incorporation in the answer of the admission stated and the expression of an offer to quitclaim any right or title to that 40 acres to any one the complainant (grantor) would direct—an offer not averred to have been made before the bill was filed—did not operate to divest complainant of the right to have the deeds reformed in this particular to accord with the real agreement and intention in the premises.

The decree appealed from is affirmed in so far as it denied reformation in respect of the "southeasterly line," and it is reversed in so far as it declined to reform the conveyances so as to eliminate from them the 40-acre tract hereinabove described.

The cause is remanded, with direction that decree be entered in the chancery court of DeKalb county effecting the stated reformation of both deeds. The costs on appeal only will be taxed against each party to the appeal in equal proportion.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur. .