# Hataway, *et al. v.* Carnley.

### Bill to Reform Deed.

(Decided November 30, 1916.   73 South. 382.)

1. **Appeal and Error; Presentation Below; Review.**—A contention that the allegations of the bill to reform a deed are repugnant to each other in respect to the alleged mistake in the drawing of the deed, cannot be considered on appeal, when not presented to the lower court.

2. **Reformation of Instruments; Mistake; Description.**—Where the terms selected by the parties to a deed to describe a designated tract of land are not sufficient to effect their clear purpose, a court of equity will reform the description so as to make it cover the land intended to be conveyed.

3. **Same.**—Where the bill was to reform a deed, and it appeared that prior to trading with the complainant the grantor did not know the acreage of the land, that the complainant made an investigation and informed the grantor that there were 16 or 17 acres in the tract, and that the grantor sold the land as a visible tract without regard to its acreage, the complainant was entitled to a decree reforming the deed, to make it correctly describe the land intended to be conveyed, notwithstanding the deed described it as "9 acres, more or less;" this is true, especially, where complainant had been allowed to possess, improve and cultivate the land for 8 years.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by I. M. Carnley against R. J. Hataway and others to reform a deed.   From a decree for complainant, respondents appeal.   Affirmed.

The deed sought to be reformed was executed by R. J. Hataway to complainant on December 24, 1904, and the land is described in the deed as follows:

Nine acres, more or less, on the north side of a spring branch leading off from R. J. Hataway's house in the N. E. ¼ of the S. E. ¼, Sec. 10, T. 7, R. 19, situated in Coffee county, Alabama.

The bill charges that complainant in fact purchased, and the respondent Hataway in fact sold and agreed to convey to him, all of the land within said subdivision lying north of said branch; that the deed in question was intended by the parties to so convey; that the scrivener of the deed made an error in the description of said land; and that said description at the time was the mutual mistake, error, or oversight of orator and R. J. Hataway.   It is further charged that the parties did then agree upon said tracts

of land and the boundaries thereof, and estimated same to be nine acres, more or less. The answer denies these charges and alleges that the tract contained more than twenty acres, and the real agreement was for the sale and conveyance of nine acres only on the west side of the subdivision and north of said branch.

W. W. SANDERS, for appellant.     J. A. CARNLEY, for appellee.

SOMERVILLE, J.—We fully agree with the chancellor in his finding that the agreement between the parties was for the purchase, sale, and conveyance of all the land in the specified subdivision, lying north of the branch, without regard to the number of acres contained therein. The testimony of the witnesses, the character and condition of the land, and the conduct of the parties, leave no room for reasonable doubt on that issue.

It is the theory of respondent, however, that, under the allegations of the bill, the question of fact to be determined was merely whether the scrivener of the deed erroneously inserted therein a description not intended by the parties; the insistence being that, if complainant knew of and assented to the use of the phrase "nine acres, more or less," then there was in fact no such mistake as a court of equity will correct; the mistake, if any, being in complainant's conception of the legal effect of the deed.

This view of the issue presented by the bill is too narrow, for the allegations, taken as a whole, clearly show that the alleged mistake was the mistake of the parties, and was merely repeated by the scrivener.

(1) If there was any repugnancy in the allegations of the bill in this respect, it was not objected to, and it is not a bar to relief.

(2) When the parties to a deed select descriptive terms for the conveyance of a designated tract of land, which are insufficient to effect their clear purpose, equity will reform the description so as to effect a conveyance of the land agreed and intended to be conveyed.—*Hemphill v. Moody,* 64 Ala. 472; *Moore v. Tate,* 114 Ala. 582, 21 South. 820; *Page v. Whatley,* 162 Ala. 473, 50 South. 116; 2 Pom. Eq. Jur. § 845; 34 Cyc. 937b.

(3) When the agreement was made by which complainant exchanged six acres of his own land for the tract here in dispute, respondent had never been on the tract and did not know its acreage. Complainant investigated that matter before the deed

[Norris v. New England Mutual Life Insurance Co.]

was made, and informed respondent that there were sixteen or seventeen acres in the tract, and respondent replied that that would be all right; that if he made the deed for more than nine acres Mr. Jones, his neighbor on the north, "might cut up about it." Unquestionably, complainant bought, and respondent sold, this land simply as a known, visible tract, without regard to its acreage, and we can discover nothing in the circumstances of the transaction—conceding that respondent believed that the acreage did not greatly exceed nine acres—which would render the reformation and enforcement of the deed inequitable; especially is this true in view of the fact that respondent has allowed complainant to possess, improve, and cultivate the land for eight years, and has all that time kept and enjoyed the tract received from complainant, with whatever peculiar advantages it yielded him.

In our opinion, the decree of the chancery court is just and right, and should be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.