181 So.2d 80

**W. M. GARRETT et ux.**

**v.**

**J. I. KIRKSEY et al.**

**7 Div. 598.**

Supreme Court of Alabama

Dec. 9, 1965.

Jas. S. Hubbard, Anniston, for appellants.

John W. Coleman, Talladega, for appellees.

LAWSON, Justice.

This is an appeal from a final decree of the circuit court of Talladega County reforming the description in a deed.

For the purpose of a better understanding of the questions presented by this appeal, we are including in the opinion a rough sketch of the locus in quo. This sketch is not intended to be identical to the survey introduced in evidence; it is not drawn to scale; it is merely our understanding of the general location of the land involved.

The sketch is an attempt to portray the W ½ of the Northwest Quarter, Section 8, Township 17, Range 5, Talladega County, Alabama. We will sometimes refer to the two divisions of that half-quarter section as the north forty and the south forty, although there is no proof in this record that those subdivisions do, in fact, each include forty acres.

On May 26, 1958, W. M. Garrett and wife executed and delivered to J. I. Kirksey a warranty deed to the south forty for a consideration of $1,500.

In July of 1958 J. I. Kirksey and wife executed and delivered to Paul Kirksey and wife a warranty deed to a strip of land 440 feet wide on the west side of the south forty which extended from the northern boundary of that forty to its southern boundary. At about the same time J. I. Kirksey and wife executed and delivered to T. G. Yonge and wife a warranty deed to a strip of land lying immediately east of the strip conveyed to Paul Kirksey. and wife and of the same dimensions.

It is shown beyond peradventure that J. I. Kirksey thought that the land he bought from Garrett and wife was all situated north and west of Choccolocco creek. It was on that assumption that the deeds were executed by J. I. Kirksey and wife to Paul Kirksey and wife and to T. G. Yonge and wife. The land was purchased by J. I. Kirksey to enable him, his brother Paul and T. G. Yonge to obtain camp sites.

Based on the belief that the deed from Garrett and wife to J. I. Kirksey covered all of the land north and west of Choccolocco Creek in both forties, the Kirkseys and Yonge proceeded to go into possession of that land. No survey had been made at that time and the Kirkseys and Yonge did not know that the land north and west of the creek consisted of more than 40 acres and they were not certain of the location of the line dividing the two forties. They built a road and divided the land in a manner which they thought complied with the deeds from J. I. Kirksey and wife to Paul Kirksey and wife and to Yonge and wife. Paul Kirksey was allotted a strip 440 feet wide on the west side, which extended from the north boundary of the W ½ of Northwest Quarter of Section 8 to the creek. Yonge was assigned a 440-foot strip in the center, which also extended from the same north boundary to the creek. J. I. Kirksey retained the land east of that allotted to Yonge which lies south of the same north boundary to the creek.

Yonge built a cabin on the strip allotted to him. Garrett knew that the cabin was

being built and of its location. He made no protest. Garrett asked for and secured permission of the Kirkseys and of Yonge for some of his stock to graze on the lands of which the Kirkseys and Yonge had gone into possession north and west of the creek in both forties.

The Kirkseys and Yonge later discovered that the land which they had divided, other than the part of the south forty which lies north and west of Choccolocco Creek, was not covered by the deed from the Garretts to J. I. Kirksey. They requested the Garretts to give them a deed to the property north and west of the creek. The Garretts refused to execute such a deed.

Thereafter this suit was instituted in the Circuit Court of Talladega County, in Equity, by the Kirkseys and their wives and by Yonge and his wife against Garrett and his wife to reform the description in the deed from the Garretts to J. I. Kirksey.

The bill alleged in part:

"That by mutual mistake of the parties the premises were erroneously described in said deed as the Southwest quarter of the Northwest quarter (SW ¼) of NW ¼) of Section 8, Township 17, Range 5, Talladega County, Alabama, when, in fact, the land purchased should have been described as All of the West half of the Northwest quarter (W ½ of NW ¼) of Section 8, Township 17, Range 5 lying North and West of Choccolocco Creek, and by reason of such mistake, said deed appears to be a conveyance of a different tract of land than that which Complainants intended to purchase and Respondents intended to convey."

The bill prayed that the Court:

" * * * on final hearing hereof, will order, adjudge and decree that said deed from W. M. Garrett and wife, Velma Garrett, to J. I. Kirksey above referred to and made a part of this bill as Exhibit A be reformed and corrected so as to convey 'All of the West half of the Northwest quarter (W ½ of NW ¼) of Section 8, Township 17, Range 5, Talladega County, Alabama, lying North and West of Choccolocco Creek' as intended by the parties thereto."

There was no contention made in the trial court, and none is made here, that there was a misjoinder of parties complainant. Hence we do not consider that question.

The Garretts filed an answer wherein they denied many of the material averments of the complaint. The Garretts also filed a cross bill wherein they prayed that:

"Your Honor will render a declaratory judgment and decree defining the rights and obligations of the parties hereto; make and enter a decree construing cross-respondents' title to said property; declaring whether any right, title, claim or interest constitutes a breach of warranty of the title to the SW ¼ of the NW ¼ of Section 8, Township 17, Range 5, Talladega County, Alabama, and if so, ascertaining cross-respondents' damages for such breach of warranty, and rendering judgment against cross-complainants for said breaches."

The complainants-cross respondents answered the cross bill.

Following a hearing where the witnesses were examined in the presence of the court, the trial court filed with the Register an instrument which, in the transcript filed in this court, bears the heading "Decree." But it is not a decree, except, perhaps, insofar as it dismisses the cross-bill. In other respects its adjudicates or decrees nothing. In such respects it contains only findings of fact and suggestions as to further action on the part of complainants before a final decree would be rendered. See Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Employers Ins. Co. of Alabama v. Brooks, 250 Ala. 36, 33 So.2d 3; Gaines v. Milner, 266 Ala. 447, 97 So.2d 584.

In that instrument the trial court found from the evidence (1) that, because of a mutual mistake of the parties, the property intended to be conveyed in the deed from the Garretts to J. I. Kirksey was erroneously described; (2) that the Garretts should have conveyed to J. I. Kirksey forty acres of land lying north and west of Choccolocco Creek situated in the two "forties" here involved; (3) that there is more than forty acres so situated; (4) "From all the evidence, including indications on the blackboard used in presenting the testimony, the parties seemed to intend that the northern boundary of the tract conveyed should generally run parallel with the creek which formed most of the south boundary. However, the court does not think the parties intended to have the north line surveyed to follow all the meanderings of the creek."

That instrument contains the following language: "The Court has ascertained, *outside the record*, that there is agreement that the portion of the said SW ¼ of the NW ¼ (the south forty) lying north and west of the creek does not exceed 10 acres in area." (Emphasis supplied)

Based on those findings the trial court in the so-called "Decree" presently under consideration included the following provisions:

"If no release by the complainants, as hereinafter explained, is filed with the Register within 10 days after the filing of this decree, the Register of this court is hereby authorized, ordered and directed to appoint a competent surveyor to run a line from the northeast corner of the N.W. ¼ of the NW ¼ of said section 8 to a point on the west line of said forty so as to leave forty acres south and southeast of said line. The said forty acre tract should include all that portion of the SW ¼ of the NW ¼ of said section 8 lying west of the creek, the little portion of the NW ¼ of the NW ¼ of said section lying south of the

creek (even though the respondents do not own it), and so much of the said NW ¼ of NW ¼ lying north and west of the creek as necessary to make 40 acres.

\*      \*      \*      \*      \*      \*

"\* \* \* If the complainants, within 10 days after the filing of this decree, file a statement waiving all claims to the northwest diagonal half of the north half of the said NW ¼ of the NW ¼, a survey will not be necessary, and a decree can and will be entered reforming the deed to read and convey that portion of the SW ¼ of the NW ¼ lying north and west of Choccolocco Creek and all of the NW ¼ of the NW ¼, except the diagonal northwest half of the north half of said forty, all being in Section 8, Township 17, Range 5 East in Talladega County, Alabama, and containing 40 acres more or less.

"In the event the complainants file such a waiver the Register will make report thereof to this court for further orders and decrees."

Thereafter the complainants filed with the Register a "Waiver of Claim" as suggested by the trial court.

After the "Waiver of Claim" was filed by the complainants the trial court rendered a so-called "Supplemental Decree" which is, in fact, the only final decree actually rendered by the court, except, perhaps, as to the cross-bill. In the so-called "Supplemental Decree" the trial court reformed and corrected the description in the deed from the Garretts to J. I. Kirksey so as to read as follows:

"All that portion of the SW ¼ of the NW ¼ lying north and west of Choccolocco Creek and all of the NW ¼ of the NW ¼, except the diagonal northwest half of the north half of said forty, all being in Section 8, Township 17, Range 5 East in Talladega County,

Alabama, and containing 40 acres, more or less."

From the so-called "Supplemental Decree" the Garretts have appealed to this court.

■ In order to warrant equity to grant relief by reformation, the complainant has the burden of showing by evidence that is clear, exact, convincing and satisfactory that the instrument does not express the true agreement of the parties. Crane v. Blackburn, 187 Ala. 298, 65 So. 812; Hertzler v. Stephens, 119 Ala. 333, 24 So. 521; Hill v. Harding, 233 Ala. 343, 172 So. 98.

■ The burden upon the complainants is not only to show that the writing sought to be reformed does not express the intention of the parties, but the complainants also have the burden of showing what, in fact, the parties had intended the writing should contain. Lipham v. Shamblee, 205 Ala. 498, 88 So. 569.

■■ The appellants' insistence that the complainants failed to show by evidence that is clear, exact, convincing and satisfactory that the instrument does not express the true agreement of the parties is without merit. We will not dignify appellants' argument on this point by a detailed treatment of the evidence. We will observe, however, that the respondent W. M. Garrett, although claiming that he agreed only to sell forty acres in the south forty, admitted that he had no title to nor had ever been in possession of any of the land in the south forty situated south and east of the creek. The evidence is overwhelmingly in favor of the trial court's finding to the effect that the deed sought to be reformed did not correctly describe the property. Moreover, as shown above, the trial court saw and heard the witnesses, hence his findings of fact are to be accorded all the presumptions indulged in favor of a verdict of a jury. Franklin v. Scott, 222 Ala. 641, 133 So. 684.

Appellants also insist that the complainants failed to sustain the burden upon them to show exactly what land J. I. Kirksey intended to buy and the Garretts intended to convey.

■ As we have shown by a quotation from the so-called "Decree," the trial court's finding of facts, the trial court found in effect that J. I. Kirksey intended to purchase and the Garretts intended to convey forty acres of land north and west of Choccolocco Creek with the creek being the southern boundary and a line to be run substantially parallel with the creek being the northern boundary. We cannot disturb this finding based as it was on testimony taken orally before the trial court. Particularly is this true in this case where the record is full of questions and answers which obviously refer to a point on a diagram or plat. The points referred to in those questions and answers are designated in the record by nothing except the words "here" and "there". Such testimony is meaningless without the pointing finger, or some additional information, to designate the particular spot on the diagram or plat intended by the witnesses. The diagram or plat which was drawn on the blackboard is not before us. The trial court could see the place on the drawing on the blackboard to which the witnesses pointed. We cannot. Consequently we cannot disturb the trial court's finding as to where the parties placed the northern line of the land to be conveyed by the Garretts. Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

The trial court found, in effect, from the evidence that complainant, J. I. Kirksey, bought and the respondents sold a forty-acre tract north and west of Choccolocco Creek and agreed that the northern boundary of that tract should run in a north-easterly-southerwesterly direction as nearly parallel with the creek as possible.

■ We can discover nothing in the circumstances of the transaction which

would render the reformation of the deed to comply with those findings inequitable; especially is this true in view of the fact that respondents have allowed complainants to possess and improve the land north and west of the creek. See Hataway v. Carnley, 198 Ala. 39, 73 So. 382.

But we cannot agree that the northern line of the tract should remain as fixed in the decree here under review. That line was based on an ascertainment made by the trial court outside of the record that the land north and west of the creek in the south forty "did not exceed 10 acres in area" and on the assumption that the so-called north forty did in fact contain 40 acres. There was no proof as to how many acres are within the boundaries fixed by the trial court.

Consequently we feel constrained to reverse the decree appealed from and remand the cause for the purpose of having a determination made as to the number of acres north and west of the creek in the south forty and after that determination is made to have a straight line established running from the northeast corner of the north forty to the west line of that forty as parallel with the creek as practicable so as to include 40 acres, more or less, within the line so established and the creek as it traverses the two so-called forties here involved.

We do not think the trial court is without authority to reform the deed so as to make it describe a tract of only forty acres simply because the complainants alleged in their bill that it was the intention of the parties that the deed from the Garretts to J. I. Kirksey should have conveyed "All of the West half of the Northwest quarter (W ½ of NW ¼) of Section 8, Township 17, Range 5 lying North and West of Choccolocco Creek" which area the trial court concluded contains more than forty acres. We have read with care the cases cited by appellants in support of their assertion that the trial court could

only reform the deed to comply with those allegations and do not believe they apply to the situation here presented.

The decree of the trial court is reversed and the cause remanded for compliance with the directions set out above.

Reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.