255 So.2d 14

Woodrow PARRISH

v.

H. T. NORTON.

4 Div. 411.

Supreme Court of Alabama.

Nov. 24, 1971.

P. B. McLauchlin, Jr., Ozark, for appellee.

Kenneth R. Cain, Ozark, for appellant.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Dale County, in Equity, which established a boundary line between lands of appellant, Woodrow Parrish, on the north and lands of appellee, H. T. Norton, on the south, which lands constitute the S ½ of the NE ¼ of Section 19, Township 5 N, Range 24 E, Dale County, Alabama.

This appeal presents only one question: Did the trial court err to a reversal in decreeing that the correct boundary line which divides the lands of Parrish on the north from those of Norton on the south is a line "recognized by all parties for more than thirty years and evidenced by an old boundary line fence for the same period of time"?

Parrish did not contend that the old boundary line fence had not been considered the boundary line by all the owners of the lands involved for more than thirty years prior to the spring of 1970. It was the insistence of Parrish that in April or May of 1970 he and Norton agreed that a line be surveyed in accordance with their record title, and that such line be thereafter considered as the correct boundary line between their properties.

Such a line was surveyed and a fence was constructed thereon. Parrish and Norton each payed a half of the cost of the construction of the fence and of the survey.

About seven weeks after the last-mentioned fence was constructed, Norton removed that part of the fence which tended to deprive him of land which he had previously held.

Norton admitted that he agreed to the survey; that he helped construct and pay for the fence and the cost of the survey; but he strenuously denied that he had agreed that a line as surveyed should be considered as the boundary line between the parties.

Norton testified to the effect that he agreed to the survey and the construction of the fence in order to establish and maintain the true boundary line between the N ½ of the S ½ and the S ½ of the NE ¼ of the section involved.

It was Norton's position that such a line was needed in order to develop the property or to sell if off into lots and for the purpose of determining the location of the old boundary line fence in relation to the surveyed line. The old boundary line fence was not removed.

Testimony was taken orally before the trial judge, who apparently believed Norton's version of the facts and circumstances connected with the survey and the building of the fence in the spring of 1970. The trial judge made the following pertinent findings of fact:

"The Court finds that the parties to this suit are owners of adjoining property and that there has recently been a dispute as to the boundary line between the adjoining properties; that in the year 1936, Inez Murphree and Nellie Fay Norton divided the South ½ of the NE ¼ of Section 19, Township 5, Range 24 as hereinafter more particularly set forth and in the same year, Inez Murphree conveyed a one (1) acre lot to Nellie Fay Norton, as the description of which is hereinafter more particularly set out in detail; that after the division of the above described land, a fence was erected along the agreed line; that Inez Murphree and Nellie Fay Norton assumed possession of the property as so divided and at all times recognized the boundary line as it was established that Inez Murphree conveyed her share of the South ½ of the NE ¼ of Section 19, Township 5, Range 26 to Woodrow Parrish in 1950; that Woodrow Parrish assumed possession of the land and recognized the old established boundary line as the true boundary line separating the properties, and did so recognize such line until the dispute arose which gave rise to this suit, to-wit April of 1970; and that in April of 1970, the parties agreed to have a survey made in order to more accurately describe this old established boundary line as agreed on by Inez Murphree and Nellie Fay Norton and their predecessors in title for more than thirty years until the dispute which gave rise to this suit arose.

"The Court further finds that the old established line was accepted as the true boundary line for more than thirty years; that according to the equitable doctrine of repose or according to the rules of

prescription, demands and rights not asserted for a long period must be put to rest and the Court should not inquire or disturb such long recognized rights."

A boundary line between adjacent owners may be fixed by agreement or by adverse possession, but the owners cannot relocate a section line surveyed by government surveyors.—Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409; Godsey v. Anglin, 261 Ala. 19, 73 So.2d 92; Morgan v. Larde, 282 Ala. 426, 212 So.2d 594.

We have examined the evidence with care and are clear to the conclusion that it supports the finding of the trial court to the effect that the old boundary line fence had been considered by the owners of the Parrish property and the owners of the Norton property as constituting the boundary line between the properties since 1936.

We are also clear to the conclusion that the evidence supports the finding of the trial court to the effect that the survey made in 1970 and the fence constructed along the lines surveyed was never intended by Norton to establish a new boundary line between Parrish's lands on the north and his lands on the south.

We will refrain from discussing the evidence in detail for two reasons. Such a discussion would add nothing to establish law and would serve no useful purpose.—§ 66, Title 13, Code 1940; Gamble v. Moore, 278 Ala. 104, 176 So.2d 35, and cases cited. The other reason is that in this case most of the witnesses were questioned about lines, locations, distances, monuments, fences, and the like, which appeared on a diagram which had been drawn on a blackboard, or pictures which were exhibited to the witnesses. The answers which the witnesses gave in response to questions so propounded are meaningless to us, since we do not have the pointing finger or any information which enables us to determine the particular line, location, distance, monument or fence to which the witnesses refer. The trial court was not so limited. See Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80; Williams v. Davis, 280 Ala. 631, 197 So.2d 285.

As shown above, the testimony was taken orally before the trial judge and his findings of fact are favored with a presumption of correctness. Since, in our opinion, the evidence amply supports those findings of fact, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.

