326 So.2d 733

**Catherine WHITE**

v.

**Sandra Faye SIMS, as Administratrix of the Estate of Willie Sims, Deceased.**

**SC 1319.**

Supreme Court of Alabama.

Feb. 5, 1976.

David H. Hood, Jr., Bessemer, for appellant.

Harold P. Knight, Birmingham, for appellee.

EMBRY, Justice.

This appeal by plaintiff below, Catherine White, is from final judgment which denied her claim to certain items of personal property asserted in an action filed against defendant/appellee Sandra Faye Sims, as Administratrix of the Estate of Willie Sims, deceased. The relief sought by the action was a declaration of the rights of the parties to personal property described in the complaint. Plaintiff White asserted her right to the described personal property because some of it was the subject of an inter vivos gift from defendant's decedent Willie Sims; other of it the subject of gift from plaintiff's sister, and other of it was purchased by her.

The trial court heard the evidence ore tenus without a jury and declared ownership of certain of the personal property in White, to possession of which she was entitled; other of that personal property was declared owned by defendant Sims, to possession of which she was entitled. We affirm.

The question presented for review is whether the judgment entered, after hearing ore tenus of conflicting evidence, was

fairly supported by credible evidence and was not clearly erroneous or manifestly unjust?

 Appellant White contends the trial court erred in its judgment awarding two automobiles and certain other personal property to defendant. She argues that proof was made of the essential requisites to show a valid gift to her by decedent Willie Sims of the disputed items. These requisites, upon which this contention is based, are enumerated in the representative cases of *Vinson v. Vinson*, 262 Ala. 388, 79 So.2d 31, and *Hudgens v. Tillman*, 227 Ala. 672, 151 So. 863:

> " 'It is an essential prerequisite of a gift inter vivos that there must be a clear intention of the donor to make the gift with the donor's relinquishment of all present and future dominion thereover and a delivery to and acceptance thereof by the donee. *Collins v. Baxter*, 231 Ala. 247, 164 So. 61.' " *Vinson*, supra.

This contention of appellant sidesteps our rule as to scope of review. It is stated above in the question presented for review. We have carefully examined the record containing conflicting evidence as to plaintiff's contention regarding an inter vivos gift of certain items and ownership otherwise of certain other items of personal property. The final judgment stated: "The testimony was hopelessly and irreconcilably in conflict as to these matters." We agree. We cannot say there was lack of substantial evidence to support conclusions that: (a) there was no clear intention to make a gift, (b) there was no relinquishment of dominion and control over subject property and (c) there was no actual delivery of subject property. These conclusions were manifest in the judgment.

> "We cannot substitute our judgment for that of the trial court as to the effect to be given conflicting oral testimony dealing with pivotal questions of fact.

* * *" *McCaghren v. McCaghren*, 294 Ala. 89, 312 So.2d 384.

The judgment is due to be affirmed as there was proper evidence to support it and it was neither clearly erroneous nor manifestly unjust. *Rafield v. Johnson*, 294 Ala. 235, 314 So.2d 695; *Eubanks v. Richards*, 294 Ala. 30, 310 So.2d 883.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.