This is an appeal from a judgment entered in two actions, consolidated for trial involving disputed ownership of lands which Annie Belle McGilberry claims to be hers by adverse possession. The judgment held that Brady Belcher was the owner and the McGilberrys appeal.
The issue presented for review is whether the judgment entered, after ore tenus hearing of conflicting evidence, was fairly supported by credible evidence and not clearly erroneous or manifestly unjust. We affirm.
The issue of ownership was framed by the filing of an action of trespass against Gulf Lumber Company, a corporation, by Annie Belle McGilberry and a subsequent action for trespass against her and Norris McGilberry by Brady Belcher.
Annie Belle McGilberry claimed the true location of the boundary of her W 1/2 of NW 1/4, Section 14, Township 5 North, Range 5 East in Monroe County, was fixed by an old fence enclosing the McGilberry property and the lands enclosed by it were hers by prescription or adverse possession of her and her predecessor in title for a period of more than forty years. Belcher contended the lands belonged to him, that the fence was located in part upon his NW 1/4 of SW 1/4 and SE 1/4 of NW 1/4 of the same Section, Township and Range, and the character of the McGilberry possession was permissive or as a tenant rather than hostile and adverse; further that no possession of any character had been shown to a definite or certain location.
There was conflicting evidence about the character of the McGilberry possession and after oral hearing the trial court found and ordered, in its judgment:
 "That Annie Belle McGilberry is the owner of the W 1/2 of NW 1/4, and NE 1/4 of NW 1/4, Section 14, Township 5 North, Range 5 East, Monroe County, Alabama, as described and located by the government *Page 371 
survey. That Brady Belcher is the owner of the NW 1/4 of SW 1/4 and SE 1/4 of NW 1/4, Section 14, Township 5 North, Range 5 East, Monroe County, Alabama, as described and located by the government survey.
 "That in Civil Action No. 4378, Plaintiff McGilberry has failed to prove that any trespass was committed by Defendant Gulf Lumber Co. upon the W 1/2 of NW 1/4, Section 14, Township 5 North, Range 5 East. That Plaintiff McGilberry and her predecessor in title have not acquired title to any lands outside the W 1/2 of NW 1/4, and NE 1/4 of NW 1/4, Section 14, Township 5 North, Range 5 East, by adverse possession or prescription because the character of their possession has been permissive, or as a tenant, and possession up to a definite and certain point or line has not been shown . . .
 "That in Civil Action No. 4493 Plaintiff Belcher has failed to prove a trespass by Defendants McGilberry upon the NW 1/4 of SW 1/4 and SE 1/4 of NW 1/4, Section 14, Township 5 North, Range 5 East.
 "It is therefore ORDERED and ADJUDGED that the relief prayed for in both Civil Action No. 4378 and in Civil Action No. 4498 respectively be and hereby is denied in both cases.
 "The Court does further find established from the evidence that Brady Belcher and Annie Belle McGilberry are co-terminous owners of real property in Monroe County, Alabama, as set forth hereinabove, and that the boundary and dividing line between the lands of said parties is disputed and uncertain.
 "Therefore, in order to afford complete relief to the parties in these causes and to finally and completely settle all disputes arising therefrom, it is ORDERED and ADJUDGED that the true government survey lines between W 1/2 of NW 1/4 and NE 1/4 of NW 1/4, the lands of McGilberry, and NW 1/4 of SW 1/4 and SE 1/4 of NW 1/4, the lands of Belcher, all in Section 14, Township 5 North, Range 5 East, be located and properly marked by Boyd Foster of Greenville, Ala., a registered land surveyor, who shall report his actions hereunder to this Court upon completion."
In Knowles v. Golden Stream Fishing Club, Inc., 331 So.2d 253
(1976), this court said:
 "Under the law of Alabama, a person claiming title by adverse possession against the holder of the legal title, has the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. * * *"
The factual setting in Knowles and in this case is quite similar. There the claimant was an adjoining landowner (similarly situated as McGilberry) who claimed title by adverse possession against the record title holder (similarly situated as Belcher). It was contended, as it is here, that a fence marked the true boundary line and that for more than forty years control was exercised over all the land within the fence, including the disputed portion (331 So.2d at 254). There was evidence introduced by the Knowleses, as there was by McGilberry here, that they had cut and sold timber from the disputed parcel. There was also evidence that the Knowleses grazed cattle upon the land from time to time, as there was evidence here by McGilberry (Id). The trial court found, as it did in this case, that the Knowleses had failed to establish title by adverse possession.
Adverse possession becomes a perfect title on the theory that the true owner had by his own fault and neglect failed to assert his rights against the hostile holding, but all presumptions and intendments are favorable to the title, and possessions are not presumed to be hostile thereto. Cotton v.May, 293 Ala. 212, 215, 301 So.2d 168 (1974); Stewart v.Childress, 269 Ala. 87, 111 So.2d 8 (1959).
This judgment establishing a boundary line between coterminous lands and determining ownership of lands based on evidence submitted ore tenus in open court is *Page 372 
presumed correct. In such case the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. White v. Sims, 295 Ala. 244, 246, 326 So.2d 733 (1976).
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.