EMBRY, Justice.
This is a disputed boundary line case wherein Harold Powell was plaintiff and Leosia Black was defendant, in which, after *27 hearing the evidence ore tenus, the trial court found and adjudged as follows:
“1 — That this action is brought pursuant to Code of Alabama 1940, recompiled 1958 as last amended, Title 47, Section 2, for the purpose of establishing the boundary line between the parties who are coterminous land owners.
“2 — That the undisputed evidence shows that Mr. T. 0. Powell, Plaintiff’s predecessor in title, expressly permitted Mr. Ed Black, Defendant’s former husband, to construct the fence which Defendant now claims to be the true and correct boundary line.
“3 — That the survey conducted by McDonald and Hooper, Engineers, reflects the true and correct boundary line to be that as contended by Plaintiff in his complaint.
“4 — That Defendant has for more than ten (10) years been in actual or constructive possession of the disputed strip of land and has exercised dominion and acts of ownership over said disputed strip.
“5 — That the question to be resolved by this Court is whether or not Defendant’s possession of the disputed strip of land is adverse in view of the permissible entry by Defendant’s former husband.
“The Court is of the opinion that Defendant’s possession of the disputed strip of land would have been adverse except for the undisputed testimony to the effect that the initial entry (the erection of the fence by Mr. Black) was with the express permission of Mr. T. 0. Powell, Plaintiff’s predecessor in title. Having considered the applicable law, the Court is of the opinion that an entry and possession of land under permission of owner will not ripen into title by adverse possession.
“It is therefore ORDERED, ADJUDGED AND DECREED that the true and correct boundary line between the lands owned by these parties be and it is hereby established as the line defined in the survey conducted by McDonald and Hooper, Engineers, a plat of which was admitted into evidence as Plaintiff’s exhibit No. 3.”
In the motion for rehearing below, and by excellent brief and oral argument here, Mrs. Black’s counsel urges that the judgment was contrary to the trial court’s findings and contrary to law. That contention can be capsulated in his assertion that if the entry by Mrs. Black’s predecessor in title was permissive then the evidence was overwhelming that actual notice was given by Mrs. Black that she had repudiated the permission and was holding the land adversely to Powell and his predecessor in title. This case bears a striking similarity in material facts with those of McGilberry v. Belcher, Ala., 347 So.2d 370 (1977).
The issue for resolution by the trial court stated in paragraph five of its judgment, under the evidence in this case, was whether the permissive character of the possession of defendant’s former husband and her permissive possession ever became hostile and adverse by word or deed of either of them. There was ample evidence that it did not. The issue for us is whether the trial court’s judgment is supported by the evidence or whether it is plainly erroneous or manifestly unjust. We find ample supportive evidence for the judgment and, after a review of all the evidence, we cannot say the judgment below is plainly wrong or manifestly unjust; therefore, the judgment of the trial court is due to be affirmed. Eubanks v. Richards, 294 Ala. 30, 310 So.2d 883 (1975); White v. Sims, 295 Ala. 244, 326 So.2d 733 (1976).
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.