EMBRY, Justice.
This is an appeal from a judgment entered in the Circuit Court of Madison County in the Estate of Channell C. Parker, Deceased. That judgment included the grant of the application of Lois C. Parker, the Administratrix, to sell lands of the decedent for the payment of lawful charges against the estate on the basis that its personal properties were insufficient to pay those charges.
The basic question for review is whether that judgment, based on evidence taken ore tenus, was fairly supported by credible evidence and not clearly erroneous or manifestly unjust. We answer yes, and affirm.
On 6 September 1973, Lois Parker filed a petition in the Circuit Court of Madison County, Alabama, alleging:
“1. On the 26th day of May, 1970 your Petitioner, Lois C. Parker, was duly appointed Administratrix of the Estate of Channell C. Parker, deceased.
*1138 “2. Thereafter, Petitioner did proceed to collect up all of the assets of said estate. That pursuant to the orders of this Honorable Court she has disbursed all personal properties to the lawful heirs and next of kin.
“3. That said decedent, at the time of his death, was the owner of the following described real estate, to-wit:
“The southeast quarter of the southwest quarter of Section 17, Township 5, Range 21, Coffee County, Alabama, and 10 acres, more or less, being that part of the northeast quarter of the northwest quarter of Section 20, Township 5, Range 21, Coffee County, Alabama, which lies north of U.S. Highway 84; said lands containing altogether 50 acres more or less.
“4. That at the time of death of decedent, the above described real estate was encumbered by a first real estate mortgage owned by the Administrator of Veterans Affairs. During your Petitioner’s administration of said Estate she has paid the debt due the Veterans Administration, the interest accruing thereon, taxes, insurance and repairs totalling $4,254.80. Said entire debt has been paid by your Administratrix out of her own personal funds in order to prevent the loss of said property.
“5. Petitioner now desires that said estate be closed, all costs of administration paid and the Administratrix discharged from all other and further liability for and on account of said administration. There is, however, insufficient personal property with which to pay the expenses incurred by your Administratrix in administering this estate and in preserving said property for the benefit of the heirs of decedent.
“6. Heirs and next of kin of said decedent are as follows:
“Lois C. Parker, widow of decedent, over the age of 19 years, of sound mind and residing at 407 Drummond Road, Huntsville, Alabama, 35801.
“Channell Ted Parker, also known as Hoyt Ted Barnett, son of decedent, over the age of 19 years and of sound mind, whose address is 319 Avenue Northeast, Birmingham, Alabama, 35212.
“Shirley L. Myers, daughter of decedent, over the age of 19 years and of sound mind, whose address is 805 Briar-cliff Road, Gastonia, North Carolina, 28052.
“7. Petitioner would respectfully represent and show unto this Honorable Court that it will be necessary to sell the lands hereinabove described for the purpose of paying the costs and expenses of administration.
“WHEREFORE, the premises considered, Lois C. Parker, as Administratrix of the estate of Channell C. Parker, deceased, prays that this Honorable Court will set this petition down for hearing and upon a hearing being held on this petition that this Honorable Court will determine a fair, reasonable and just compensation to be paid to your Petitioner, for having served as Administratrix of said estate, and will determine the amount of reimbursement due and owing to your petitioner for expenditures which she had made on behalf of said estate; that this Honorable Court will order the herein described real estate sold for the purpose of securing sufficient funds to pay the debts of said estate and for division or proceeds in accordance with law; that this Honorable Court will grant such other, further and different relief and will enter such other, further and different orders and decrees as unto this Honorable Court may seem just and proper.”
The substance of the answer of Shirley L. Myers, one of Channell C. Parker’s heirs at law and the appellant here, admitted that Lois C. Parker had been appointed adminis-tratrix; denied that she had collected all the assets of the estate; denied she had disbursed all the personal property to the lawful heirs and next of kin; denied she was entitled to reimbursement for the payment from her own funds of a mortgage indebtedness on the lands of decedent; denied there was insufficient personal proper *1139 ty to pay any expenses of the estate lawfully incurred by the administratrix; asserted that she could not be reimbursed for payment of any monies in behalf of the estate because she was barred by the statute of nonclaims; claimed the administratrix had converted assets of the estate to her own personal use, and had not made a proper accounting of the assets of the estate. The answer contained other allegations which are irrelevant to this appeal. On trial of this action Myers took the position that Lois Parker was not the administratrix of the estate because there was extant an order of the probate court revoking her letters of administration.
The trial court heard the evidence without a jury, after which the following findings and judgment were entered:
“This action coming on to be heard was submitted to the Court on the Petition of Lois C. Parker, as Administratrix of the Estate of Channell C. Parker, the answer of Shirley L. Myers and the testimony and evidence submitted in open Court. The Court having considered the same finds that:
“A. The Estate of Channell C. Parker is insolvent in that the personal properties are insufficient to pay the lawful charges against said Estate; and
“B. That Lois C. Parker should be reimbursed for the amount paid by her to the Veterans Administration for principal and interest, on the promissory note executed by decedent, and the funeral expenses of decedent paid by her; and
“C. That more than thirty days elapsed between the filing of said Petition and the hearing thereon; and that notice was duly given and published as required by law.
“D. That the following described real estate, owned by decedent at the time of his death, should be sold to pay the charges against said estate, to-wit:
“The southeast quarter of the southwest quarter of Section 17, Township 5, Range 21, Coffee County, Alabama, and 10 acres, more or less, being that part of the northeast quarter of the northwest quarter of Section 20, Township 5, Range 21, Coffee County, Alabama, which lies north of U. S. Highway 84; said lands containing altogether 50 acres more or less.
“It is therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
“1. The application of Lois C. Parker, as Administratrix of the Estate of Chan-nell C. Parker, to sell the herein described lands, is hereby granted and the said Ad-ministratrix is hereby ordered to sell said lands at the Coffee County, Alabama Courthouse door, in Enterprise, Alabama, at public outcry, after first giving notice of the day, place and time of said sale, and a description of the property to be sold, by advertisement for three (3) successive weeks, in the Daily Ledger, a newspaper of general circulation in said county. '
“2. The terms of sale shall be ten per centum (10%) of the amount bid, payable on the date of the auction sale and the remaining balance at the time of closing of the transaction, which shall not be more than thirty (30) days following the date of the auction.
“3. Lois C. Parker, as Administratrix, shall within fifteen (15) days following the auction of said lands, file with the Court a report on the details of the sale.
“4. Lois C. Parker, as Administratrix of said Estate, shall report all proceedings to the Court no later than forty five (45) days following the date on which said auction shall be conducted.
“5. Funeral expenses in the amount of $2,584.07, and payments on decedent’s promissory note to the Veterans Administration, in the amount of $3,928.80, both paid by Lois C. Parker, are lawful charges against the Estate and the Ad-ministratrix may lawfully reimburse the said Lois C. Parker.
“6. Lois C. Parker, as Administratrix of the Estate of Channell C. Parker, shall file with this Court a final accounting upon said estate within fifteen (15) days after receipt by her of the proceeds re- *1140 suiting from the sale of the lands herein described.”
On this appeal, Myers urges the following grounds for reversal:
1. The trial court lacked jurisdiction of Parker’s petition because she had been removed as administratrix by the probate court prior to filing the petition.
2. The estate was, in fact, solvent because the monies expended by Parker in behalf of the estate had not been made the subject of claims filed within six months after grant of letters of administration to her.
3. Parker did not prove by a disinterested witness that the personal property of the estate was insufficient for the payment of debts.
There is no need to cite authority to support the recognized rule of law in Alabama that where, as here, the evidence is taken ore tenus there is a presumption of correctness in favor of the findings of the trial court which will not be disturbed on appeal unless palpably wrong or without supporting evidence. With this in mind, we turn to appellant’s contentions.
Myers contends Parker’s letters of administration were revoked on 4 February 1972, after she failed to file an inventory pursuant to an earlier order of the probate court. That contention is without merit. Although the order stated that Parker’s letters were revoked, the record clearly shows in subsequent orders of the same judge of probate, Parker was still considered administratrix of the estate; and an inventory was later filed and duly recorded in that court. Moreover, the parties litigant in these proceedings treated the matter as though there had been no revocation of her letters and the record is devoid of evidence that a citation was issued to Parker to appear and answer an application for her removal as administratrix pursuant to Tit. 61, § 182, Code.
Myers concedes the expenses owed for the funeral; however, she strongly argues Parker’s claim for the mortgage debt is barred because the claim was not filed in the probate court in accordance with Tit. 61, § 210, Code (claims of personal representatives not filed within six months of grant of letters are barred). That section contemplates that the relationship of creditor and debtor exist between the personal representative and the estate for there to be a claim against the estate. The equitable right to reimbursement arising from the payment of the mortgage indebtedness by the widow to protect her interest (dower) in the real estate is not within the purview of § 210. That right is not the subject of a claim against the estate but rather a claim to an interest in, or part of, the estate. See Gilbreath v. Levi, 270 Ala. 413, 119 So.2d 210 (1959), and authorities therein.
Myers’ third ground for reversal is that there was no proof that the personal property of the estate was insufficient for the payment of debts and the proof offered was not by a disinterested witness. She says that § 253, Tit. 61, Code, which gives the court power to order a sale of realty only if it is satisfied the personal property is insufficient for the payment of debts, cannot be operative where the only proof is by the administratrix who is clearly an interested party. Conceding, for the sake of argument, that Parker is an interested witness does not result in the trial court being in error for taking proof from her about the insufficiency of personal property for the payment of debts. There was no objection to her competency as a witness, thus her incompetency was waived. Curtis v. Hunt, 158 Ala. 78, 48 So. 598 (1901). The evidence regarding the sufficiency of the personal property to pay debts of the estate was conflicting with regard to what was, and was not, personal property of the estate. There was ample evidence to support the trial court’s conclusion that the personal property of the estate was insufficient to pay its debts; therefore, the judgment ordering sale of the real estate is due to be affirmed as we cannot find from the record wherein it was either erroneous or mani *1141 festly unjust. White v. Sims, 295 Ala. 244, 326 So.2d 733 (1976).
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.