SHORES, Justice.
The Hensleys filed suit against the Ha-goods asking the court to fix the boundary line between their respective properties. After hearing the evidence offered by both sides, the trial court fixed the boundary as contended by the plaintiffs. Defendants appealed. We affirm.
The line as fixed by the court is consistent with a survey made by a competent surveyor. The accuracy of the survey is conceded by the defendants. They simply argue that they have obtained title to part of the plaintiffs’ property up to a fence which was built on the plaintiffs’ land by defendants’ predecessor in title 7 to 9 years ago. They necessarily concede that their claim to this property cannot rest upon adverse possession inasmuch as the evidence is without conflict that the fence has not been in place more than 9 years. Additionally, there was evidence that the plaintiffs permitted the defendants to use part of their property to dig a well on, but had, from time to time, requested that the fence be moved. In short, there was evidence before the trial judge from which he could conclude that the plaintiffs had permitted *422 the defendants to place a well on their property, and had, for a time, permitted them to maintain a fence on the plaintiffs’ property; but this does not require that the court find that the plaintiffs have lost title to their land by acquiescing in the defendants’ use of it. To the contrary, it justifies the finding of the trial court that the boundary is as shown by the evidence. There being a wealth of evidence to support the trial court, we affirm. Terry v. Buttram, 368 So.2d 859 (Ala.1979); Smith v. Claybrook, 349 So.2d 1087 (Ala.1977); McGilberry v. Belcher, 347 So.2d 370 (Ala.1977); White v. Sims, 295 Ala. 244, 326 So.2d 733 (1976).
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.