This is a suit in equity to establish a boundary line between two parcels of land. The plaintiff's husband, Maynard Carl, originally owned both parcels of land and later conveyed them and other contiguous property to the plaintiff, Raeder Carl, on August 21, 1946. This deed described the southern and northern parcels as the SW 1/4 and NW 1/4, respectively, of the SW 1/4, Section 5, Township 9 North, Range 1 West. Each parcel contained about 40 acres of farm land. On January 15, 1949, Raeder Carl conveyed the southern parcel and the other contiguous property by deed to S.J. Smith, retaining for herself the northern parcel. This deed contained the following description of the conveyed property (emphasized portions apply to the boundaries of the southern parcel):
 Southwest Quarter of the Southwest Quarter of Section 5, Township 9, North, Range One West; Ten (10) acres in the Northeast Quarter of Northwest Quarter of Northwest Quarter of Section 8, Township 9 North, Range one West.
 Also ten (10) acres in the Northwest corner of the Northwest Quarter of Section 8, Township 9 North, Range One West; Containing in all sixty (60) acres, more or less.
 Agreement is that a road be left open from Maynard Carl's Barn to Mack York's field gate. Road at this time being the line.
Smith and the Carls lived in harmony as neighbors until Smith's death on September 12, 1975. Smith's property passed by intestacy to his widow, Minnie Smith Campbell, and heirs at law. The widow and heirs ordered a survey of the property and hacked a line on the boundary determined by the survey. This line placed the Carls' old barn on the property of Smith's widow and heirs and apparently ran through the Carls' new barn. Disputing this surveyed line as the true boundary between the two parcels of land, Raeder Carl filed this suit against Smith's widow and heirs. Evidence was taken ore tenus without a jury. The trial court found for Raeder Carl, determining the true boundary line to be a field road running between the two parcels of land from their western to eastern boundaries. Smith's widow and heirs appeal. We affirm.
The plat of the southern parcel, prepared from the survey ordered by appellants and incorporated in the trial court's judgment, is provided herein with minor changes to accommodate this opinion. The confusion inherent in this case arises from the rough overlapping of several possible boundary lines. Beginning at the western boundary of the parcels, the field road runs close to the disputed survey line in an eastwardly direction from Mack York's field gate to a point near the Carls' old barn. Mack York owns property adjacent to the western boundary of the southern parcel. From this point, the road deviates from the path of the survey line and cuts across the northeast corner of the southern parcel in a curved line. Beginning again at the western boundary of the southern parcel, an old fence follows the southern side of the road in an eastwardly direction, stopping at a point near the old barn. On the north side of the road near this point, another old fence begins and follows a straight path to the eastern boundary of the parcel, thus deviating from the curve of the field road. The surveyed boundary follows a straight line north of the road and the old fences.
The legal principles controlling boundary disputes were succinctly set out in Smith v. Nelson, 355 So.2d 359 (Ala. 1978), viz.:
 No authority need be cited for the recognized rule that a decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct, and in such cases the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust.
 Equally applicable here is the principle that a decree fixing a boundary line between *Page 482 
coterminous owners must only be supported by credible evidence. Snider v. Shirley, 341 So.2d 677 (Ala. 1977).
Appellants argue that the decree in the instant case is not supported by credible evidence. We disagree.
Appellee claims the true boundary is the full extent of the field road across the disputed property on two theories:
(1) She adversely possessed property up to that line for the requisite 10 years; and/or
(2) The parties agreed upon the field road to be the boundary as clearly indicated by the deed.
Appellants claim the true boundary is the field road running from Mack York's field gate to the Carls' old barn, and, from that point, the surveyed line running to the eastern boundary of the disputed property. The trial court found the full extent of the field road to be the boundary, but its order does not specify which of appellee's theories was adopted.
We agree with appellants that there is no credible evidence to support the judgment on the first theory of adverse possession. The testimony offered to this point is wholly insufficient. It indicates, at the most, that the Carls made use of the property, by grazing and other means, up to the old fence. This fence by no means follows the course of the field road, but jumps from one side of the road to the other, deviating substantially where the road arches across the corner of the southern parcel.
On the other hand, there is credible evidence to support appellee's second theory. The deed itself specifies that the field road would be the line. Both Raeder Carl and Maynard Carl testified to the effect that this boundary was agreed upon by Smith and the Carls at the time of the conveyance of the southern parcel
Appellants argue that this testimony was confusing and contradictory. It is pointed out that the original complaint alleged the old fence to be the boundary line while the plaintiff testified that the road was the true boundary. Certainly, a deviation in testimony from a complaint's original allegations does not lessen its credibility. It is a common and expected occurrence foreseen by the drafters of Rule 15 (b), ARCP, which allows amendments to conform to the evidence. In this case, appellee properly amended her complaint to allege the field road as the true boundary.
Appellants further argue that the testimony of Maynard Carl was contradictory, indicating his confusion. As noted earlier, confusion is inherent in this case of several possible overlapping boundary lines. It is also difficult to tell from the recorded testimony which landmarks the witnesses are referring to. In such a case, the trial court is in a better position to weigh the testimony. As noted in Parrish v. Norton,287 Ala. 670, 673, 255 So.2d 14 (1971):
 The answers which the witnesses gave in response to questions so propounded are meaningless to us, since we do not have the pointing finger or any information which enables us to determine the particular line, location, distance, monument or fence to which the witnesses refer. The trial court was not so limited. See Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80; Williams v. Davis, 280 Ala. 631, 197 So.2d 285.
Furthermore, the trial court itself questioned Maynard Carl at length to clear up the confusion. At that time, Maynard Carl clearly testified that the full extent of the field road constituted the agreed boundary line.
Finally, appellants contend that the trial court erred in admitting the testimony of the Carls. First, it is argued that this was inadmissible parol evidence under the rule cited inBrown v. Powers, 167 Ala. 518, 520, 52 So. 647 (1910), viz.:
 [W]e do not think the complainant could be permitted to show, by parol, over 20 *Page 483 
years after the deed was executed, that he contracted for and bought a different 40 acres of land. If the deed misdescribed the land, it should have been corrected in an appropriate proceeding, and not by parol at this late day in the present proceeding.
This rule is inapplicable to the instant case. There is no "misdescription" here; the wrong property had not been mistakenly described in this deed. Rather, there is a conflict of descriptions in this deed, which merits the admission of parol evidence to ascertain which description the parties intended to adopt.
Similar evidence was admitted in the quiet title action ofSmith v. Harbaugh, 216 Ala. 202, 112 So. 914 (1927), where the deed contained a dual description — one by courses and distances and the other by reference to a numbered lot as shown on a recorded plat. This Court allowed the testimony of the complainant's husband to the effect that the parties intended the description by courses and distances to control, citingAiken v. McMillan, 213 Ala. 494, 106 So. 150 (1925). Quoting the general rule of admitting parol evidence where the deed contains a latent ambiguity, the Aiken court noted that such an ambiguity exists "to the extent only that it [the property description] may apply to either of two pieces. . . ."213 Ala. at 502, 106 So. 150. Such a latent ambiguity exists in the instant case, and the testimony of the Carls was properly admitted.
Appellants also argue that Maynard Carl's testimony violated Code 1975, § 12-21-163, or what is commonly called the "Dead Man's Statute." The trial court properly overruled an objection to the testimony on this ground. The statute only excludes the testimony of a witness who has "a pecuniary interest in the result of the action. . . ." Code 1975, § 12-21-163. Maynard Carl is not a party to this proceeding. Contrary to appellant's argument, this Court has specifically held that a husband's potential inheritance from his wife, who is claiming the land, is not a sufficient pecuniary interest to invoke the statute.Hardy v. Killingsworth, 174 Ala. 322, 56 So. 965 (1911).
Finding the judgment of the trial court to be supported by credible, admissible evidence, we hold that the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 484 
[EDITORS' NOTE: EXHIBIT NO. 2 IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 485