BEATTY, Justice.
Plaintiff appeals from an adverse judgment by the Circuit Court of Cullman County establishing the true and correct boundary line between coterminous landowners. We affirm.
The action was initiated by the plaintiff’s complaint which asked the court to decree a judicial landline at points surveyed between the properties. To this the defendants answered by alleging that there were no surveyor’s markers dividing the land except those placed there by W. H. Owens who surveyed the property at the request of the defendants. Following an evidentiary hearing and a view of the designated area by the trial court, that court entered the following order:
“The history of the ownership of the land involved is traced back to two brothers, William Schaefers and Joseph Schae-fers. William owned land contiguous to but east and Joseph owned land touching but west of William. Over the years properties were given by both of the older men to their children and at this time neither William nor Joseph are with us.
“Ella D. Schaefers, the plaintiff here, is the wife of Willie Schaefers, the son of William Schaefers. The defendant, Cecilia S. Kinney is the daughter and one of the children of Joseph Scahefers, and of course the other defendant, Daniel E. Kinney, is the husband.
“The dispute here concerns an area from 9' to 11' that runs north and south between the parties’ property for about 600' and their common line touches an older gravel road that runs east and west.
“On observing the property line with the attorneys, the Court noted that on north and across the road there is a fence *86 line in the appropriate location where the Court will locate the true line between these parties south of the road. The area in dispute is a wooded area and on the west side of it is a driveway to the defendants’ home, and then further south there is a continuing old road that has been utilized in more recent times to get to a power line. The attorneys and the judge walked along the line in question and went south to a common corner marked as plaintiff’s Exhibit 1 which is shown by a rock with an “X” on top, which is the recognized corner between the older Schaefers brothers’ property. The Court also observed the remnants of an old barbed wire fence and telltale markings on at least one tree of an old fence.
“The Court concludes from all the evidence that this is not the classic adverse possession nor prescription case but more of a problem of locating the true line as originally designated in survey notes and actual use. To further complicate the problem here, William Schaefers’ heirs sold the home place and large acreage to Arthur Apel some few years ago, and in surveying and locating Apel’s west line, and more particularly his northwest corner, which would be the general area of the south starting point of the line in question, that Apel corner which is now in place by an electric fence, has added to our problems here.
“Having now considered and reviewed all of the Court’s notes, exhibits introduced including defendants’ Exhibit B by a surveyor, Mr. Owens, the Court will now locate the true line between the parties.
“IT IS THEREFORE ORDERED AND ADJUDGED THAT:
“1. W. H. Owens, Surveyor, is appointed by the Court to locate the permanent line by metal markers properly identified at intervals of 100' on the line described by the Court, and Mr. Owens will file with the Court for the record and the parties his survey notes of the line, and will further file his cost bill with the Clerk.
“2. The Court locates the true line between the parties and describes that line as follows:
“Beginning at the northeast corner of the northeast quarter of the northwest quarter, Section 35, Township 10 South, Range 3 West, thence S-l° -02'E a distance of 595 feet.”
On appeal the defendants maintain that the court’s order is erroneous because it failed to establish the boundary line in accord with the defendants’ evidence of adverse possession. While there is some evidence of such adverse possession, a complete review of the record discloses contrary evidence, and we cannot from our review conclude that the trial court’s decree is plainly or palpably wrong. Indeed, the record supports the trial court’s order. See Campbell v. Carl, Ala., 395 So.2d 480 (1981); Rutland v. Georgia Kraft Co., Ala., 387 So.2d 836 (1980); Hagood v. Hensley, Ala., 371 So.2d 421 (1979).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.